No. 8233.

CRESSLER, ADM'R, v. WILLIAMS.

LANDLORD AND TENANT.—*Payment of Rent.*—*Presumption.*—Where one claims to be the lessor, and the tenant in possession acquiesces in the claim and pays rent, the presumption is that the relation of landlord and tenant exists, and this presumption will prevail unless overcome by countervailing evidence.

Cressler, Adm'r, v. Williams.

SAME.—*Title.*—*Proof of Entry.*—Where the relation of landlord and tenant exists, the landlord is not required to prove his title, but need only show that the defendant entered into possession as tenant.

PRACTICE.—*Evidence.*—*Objection.*—*Bill of Exceptions.*—Objections to evidence must be specifically pointed out in the trial court and exhibited in a bill of exceptions on appeal.

SAME.—*Cumulative Evidence.*—*Harmless Error.*—Where a fact is fully established by uncontradicted evidence, some of which may not be competent, the error in admitting the incompetent evidence is harmless. If there were any conflict in the evidence, it would probably be otherwise.

From the Allen Superior Court.

*R. Stratton,* for appellant.

*S. R. Alden,* for appellee.

ELLIOTT, C. J.—Appellant's intestate entered into the possession of real estate by permission of the executor and heirs of Allen Hamilton, deceased. The possession was taken before any definite term was agreed upon, and, although the parties afterwards attempted to unite in the execution of a lease for a certain period, Murray continued in possession without any agreement as to the duration of the tenancy. As no time was fixed, and as the premises were occupied under and by the consent of the owner, the tenancy must be deemed one from year to year.

It appears from the evidence, that appellee was one of the children of Allen Hamilton; that after his death all the other heirs united in conveying to the appellee the land in dispute. This was sufficient to show a right in her as the landlord of appellants' intestate. The intestate had entered as the tenant of the appellee's grantors, and he could not deny their title. When the appellee had shown that she had succeeded to the title of the original landlords, she was not bound to show that the title was a valid one. ' Where the relation of landlord and tenant exists, the former is not required to show that his title is good against all the world, nor, indeed, to prove title at all. The only thing he need do is to show that the defendant entered into possession as tenant. The cases cited by appellant have not the remotest application to the present case.

It was satisfactorily shown that, after the appellee had acquired title, the appellant's intestate acknowledged her rights as lessor by words and by acts. For two or three years he paid rent to her as his landlord at the rate fixed at the time he entered. This was of itself sufficient to establish the relation of landlord and tenant. Where one claims to be the lessor, and the person in possession acquiesces in the claim, and pays rent, the presumption is that the relation of landlord and tenant exists, and this presumption will prevail, unless overcome by countervailing evidence. Taylor's Landlord and Tenant, section 22, n.

Appellee read in evidence the return of the constable endorsed upon the back of the notice to quit. We are not required to decide whether a constable's return of service of notice to quit is or is not competent, for the reason that the question is not properly saved. It is well settled that the objections to evidence must be specifically pointed out in the trial court, and exhibited in the bill of exceptions on appeal. *The City of Delphi* v. *Lowery,* 74 Ind. 520. The grounds of objection were not stated to the trial court, and consequently no question is presented.

The court permitted the appellee to read in evidence, over Murray's objection, the affidavit of the constable by whom the notice to quit was served. Appellee's counsel defends this ruling upon the ground that the statute expressly provides that service of such a notice may be proved by the affidavit of the person by whom it was made. This position is based upon section 292 of the code of 1852, which now constitutes section 481 of the last revision. There is also another provision which yields this position some support. This provision is quoted and applied in *McCoy* v. *Lockwood,* 71 Ind. 319. It may well be doubted whether any of these statutory provisions can be held to authorize proof of the service of a notice not required by the court, and not necessary in pending judicial proceedings, and only necessary in mere private business affairs, by affidavit. Notice may often be a material matter,

upon which it may be of great importance that the right of cross-examination should be available; but we do not find it necessary to decide this question.

It was proved by the admissions of the appellant's intestate, and by the testimony of the constable, whose affidavit was read, that the notice to quit was duly served. There was not a syllable of evidence offered in contradiction. It is evident, therefore, that the admission of the affidavit could not have harmed the appellant. Where a fact is fully established by uncontradicted evidence, and there is some evidence admitted which is not competent, the error is a harmless one. If there was any conflict in the evidence, it would probably be otherwise. If it were conceded that the constable's affidavit was incompetent, we could not reverse, for it is clear that its admission did the appellant no injury.

Judgment affirmed.