PARMELA DECKER ET AL. v. HENRY L. HARTSHORNE.

65    87
s65   680

Submitted March 26, 1900—Decided June 11, 1900.

P. rented premises from D , and carried on business there. Subsequently, H. became a partner of P. in his business, which thereafter continued to be carried on by the partnership in the demised premises. P. died, and, after that, for many years, H. carried on the business alone, paying rent each month to D., except during the last fourteen months of his occupation. *Held,* that H. was a monthly tenant of the demised premises, and was liable to D. for the unpaid rent.

---

On special verdict.

Before DEPUE, CHIEF JUSTICE, and Justices VAN SYCKEL and GUMMERE.

For the plaintiffs, *Norman Grey.*

For the defendant, *Henry M. Snyder, Jr.*

The opinion of the court was delivered by

GUMMERE, J.   This is an action brought to recover rent for certain premises, alleged to have accrued between February 3d, 1893, and April 3d, 1894, at the rate of $65 per month. The case was originally tried at the Camden Circuit and a verdict had for the defendant, based upon the theory that there had been a surrender of the premises by act and operation of law, resulting from the sale, by the defendant, of his business to the American Type Founders Company, prior to the date first above set out, and the immediate turning over of the demised premises to said company, who thereafter paid to the plaintiffs the rent subsequently accruing.   On review it was held by the Court of Errors and Appeals that these facts did not constitute a surrender, as they did not justify the conclusion that the plaintiffs had accepted the type founders company as an original tenant, and that, on the facts stated, a verdict should have been directed for the plaintiffs.   *Decker* v. *Hartshorne*, 31 *Vroom* 548.

A second trial was thereupon had, and, in addition to the above facts, proof was put in by the defendant showing that the original tenant of the demised premises was one Louis Pelouze, who carried on the business of type founder there; that, some years after he went into possession, he associated his son with him in the business; that later, in 1878, the defendant became a member of the firm; that afterward Louis Pelouze died, and the defendant acquired the sole ownership of the business, and carried it on for many years in the demised premises, until he sold out to the American Type Founders Company, paying the rent therefor, in monthly payments, directly to the plaintiffs.   It did not appear what the terms of the lease to Louis Pelouze were, nor whether it was a written or a verbal one.

There was a special verdict finding these facts.

It is now contended on behalf of the defendant, that under the rule laid down by the Court of Errors when this case was before them, the above facts demonstrate that the defendant never was the lessee of the plaintiffs, but was only an undertenant of Louis Pelouze, the original lessee, and that, conse-

quently there was never any legal obligation on the part of the defendant to pay rent for the demised premises to the plaintiffs.

The case being silent as to the terms of the lease to Pelouze (except that the rent was payable monthly), or whether it was written or verbal, the presumption is that the tenancy created by it was from month to month. *Steffens* v. *Earl.* 11 *Vroom* 128. But even if it was a tenancy from year to year, his death terminated the lease at the end of the then current year, and the subsequent exclusive occupation of the defendant was, necessarily, not as an under-tenant of the deceased Pelouze, but as an original lessee of the plaintiffs.

Nothing appearing as to the terms of his holding, and the payment of rent being made each month, he must also be considered as a tenant from month to month under the case above cited.

Being a monthly tenant, he was entitled to terminate his tenancy at any time by giving a month's notice, but not having done so, and having, instead, sublet the premises to the type founders company, who retained possession thereof until April 3d, 1894, he is liable for the rent of the demised premises up to that date.

The plaintiffs are entitled to judgment upon the special verdict.