STATE v. GEORGE HOFFER.

No. 372.   Opinion Filed January 4, 1910.

(106 Pac. 533.)

INTOXICATING LIQUORS—Statutes—Constitutionality — Possession of Prohibited Liquors—Information. (a) Section 1 of article 3 of Senate Bill No. 61 (Laws 1907-08, p. 603, c. 69), which makes it an offense to have possession of prohibited liquors with the intention of violating any of the provisions of the act, is constitutional and valid.

(b) For a sufficient information charging the defendant with having possession of prohibited liquors with the intention of violating the provisions of the enforcement act, see opinion.

(Syllabus by the Court.)

*Appeal from Logan County Court; J. C. Strang, County Judge.*

George Hoffer was indicted for having in his possession intoxicating liquor with intent to sell. Information quashed, and the State appeals. Reversed.

On the 18th day of July, 1908, an information was filed in the county court of Logan county, Okla., against George Hoffer, who is hereinafter called the defendant, which information is as follows:

"In the County Court of Logan County, State of Oklahoma. The State of Oklahoma, v. George Hoffer, Defendant. Information for Having Possession of Liquor. In the Name of and by the Authority of the State of Oklahoma. Comes now James Hepburn, county attorney in and for Logan County, Oklahoma, who prosecutes for and on 'behalf of said State in all Courts sitting in said County, and duly authorized and empowered to inform of all offenses committed or triable therein, and gives this Court to know and be informed that heretofore, to-wit, on or about the 17th day of July, A. D. 1908, at and within the County of Logan, and State of Oklahoma, one George Hoffer then and there being, did then and there unlawfully, wilfully and knowingly have the possession of certain spirituous, vinous, fermented and malt liquors, to-wit: 60 pints of whisky and 3 pints of beer, with intent then and there on the part of him the said George Hoffer of violating the provisions of the liquor laws of the State of Oklahoma, by then and there selling the said liquors, the said George Hoffer not then and there being a Superintendent or local agent and authorized by law to have possession of such liquors. Contrary to and in violation of the Statutes in such case made and provided, and against the peace and dignity of the State. James Hepburn, County Attorney. State of Oklahoma, County of Logan—ss.: L. D. Muxlow being first duly sworn on oath says that he has read and knows the contents of the within and foregoing information, and that the allegations and statements therein contained are true. L. D. Muxlow. Subscribed and sworn to before me this 18th day of July, A. D. 1908. J. C. Strang, County Judge."

The case coming on for trial, the defendant filed a motion to quash and set aside the information upon the following grounds:

"First. For the reason that said information does not state a crime under the laws of the state of Oklahoma.

"Second. For the reason that the act of the Legislature, to wit, Senate Bill No. 61, under which the charges are drawn, is void for the reason that said act embraces more than one subject.

"Third. For the reason that article 3 of Senate Bill No. 61 is void for the reason that said article 3, under which the charges

in the above information is made, contains subject-matter not embraced in the title to said act, and also different subject-matter to that embraced in said title.

"Fourth. For the reason that that part of section 1 of article 3 of Senate Bill No. 61, under which this information is drawn, and which reads, 'or to have the possession of any such liquors with the intention of violating any of the provisions of this act,' is void, for the reason that said clause embraces new and different subject-matter from that in the title to said act."

After hearing argument, the court entered judgment as follows:

"Now, to wit, August 20, 1908, the above cause came on for hearing on a motion to quash the information for the reason that that part of section 1, art. 3, of Senate Bill No. 61, under which this information is drawn, which reads, 'Or to have the possession of any such liquors with the intention of violating any of the provisions of this act,' is void for the reason that said clause embraces a new and different subject-matter from that in the title to said act. After argument of counsel, the court sustained the motion to quash the information on the ground above stated, and for the further reason that the title to the act under which the information is drawn, to wit, Senate Bill No. 61, enumerates offenses created by the act, and does not enumerate the offense charged in the information in this case. Under the well-known rule of construction in construing statutes, where certain things are included by the enumeration, others of like character not therein enumerated are excluded. To all of which the state objects and excepts, exception allowed. Sixty (60) days to make a case for the Supreme Court. Ten (10) days for which to suggest amendments. Five (5) days in which to settle and sign same."

The case is regularly before this court on appeal prosecuted by the state.

*Charles West,* Atty. Gen., for the State.—Citing: *City of Pond Creek v. Haskell,* 21 Okla. 711; *Noble State Bank v. Haskell,* 22 Okla. 48; *In re Menefee,* 22 Okla. 365; *In re County Comm'rs,* 22 Okla. 435; *State ex rel. v. Hooker,* 22 Okla. 712; *State v. Schweiter,* 27 Kan. 499; Cooley, Const. Lim. (7th Ed.) p. 204.

FURMAN, Presiding Judge (after stating the facts as above). This court approves and adopts the decision of the Supreme Court of Oklahoma in the case of *State ex rel. Caldwell v. Hooker*, 22 Okla. 712, 98 Pac. 964, the syllabus of which is as follows:

"An act (Laws 1907-08, p. 594, c. 69), the general object of which was to prohibit the manufacture, sale, barter, giving away, or otherwise furnishing of intoxicating liquors, except as therein provided for medical, industrial, and mechanical purposes entitled 'An act to establish a state agency, and local agencies for the sale of intoxicating liquors for certain purposes; and providing for referring same to the people; prohibiting the manufacture, sale, barter, giving away or otherwise furnishing of intoxicating liquors, except as herein provided; providing for the appointment of an attorney, and for the enforcement of the provisions of this act; making an appropriation and declaring an emergency'—is not in conflict with section 57, art. 5 (Bunn's Ed. sec. 130), of the Constitution of Oklahoma, because the title contained an abstract of the contents of the act; the Constitution being satisfied if the act has but one general subject, and that is fairly indicated by the title. It may have many details, but, if they all relate to the same general subject or object, they are properly included therein."

This syllabus is supported by an elaborate and well-reasoned opinion by Chief Justice Williams, which is decisive of the question herein presented. It is but fair to the able judge who decided this case in the lower court to call attention to the fact that the opinion of the Supreme Court was handed down some months after this case was decided.

We are of the opinion that that part of section 1 of article 3 (page 603) of Senate Bill No. 61 which makes it an offense for any person to have possession of any prohibited liquors for the purpose of violating any of the provisions of the act is valid. Mr. Cooley, in his work on Constitutional Limitations (7th Ed.) p. 204, says:

"The history and purpose of this constitutional provision are too well understood to require any elucidation at our hands. The practice of bringing together into one bill subjects diverse in their nature and having no necessary connection, with a view to com-

bine in their favor the advocates of all, and thus secure the passage of several measures, no one of which could succeed upon its own merits, was one both corruptive of the legislator and dangerous to the state. It was scarcely more so, however, than another practice, also intended to be remedied by this provision, by which, through dexterous management, clauses were inserted in bills of which the title gave no intimation, and their passage secured through legislative bodies whose members were not generally aware of their intention and effect. There was no design by this clause to embarrass legislation by making laws unnecessarily restrictive in their scope and operation, and thus multiply their number; but the framers of the Constitution meant to put an end to legislation of the vicious character referred to, which was little less than a fraud upon the public, and to require that in every case the proposed measure should stand upon its own merits, and that the Legislature should be fairly satisfied of its design when required to pass upon it."

The bill in question has only one general object, viz., the prohibition of the sale of the liquors therein mentioned, except as therein provided. Making it a crime to have possession of such liquors with the intention of violating any of the provisions of the act is not inconsistent with the general object of the bill, but is directly in support of it.

The information is sufficient. The action of the lower court in sustaining the demurrer to the information was error, and the judgment is reversed.

DOYLE and OWEN, JUDGES, concur.