## ROCHESTER BREWING CO. v. STATE.

No. 468.  Opinion Filed May 10. 1910.

(109 Pac. 298.)

1. INTOXICATING LIQUORS—"Beer"—Burden of Proof. When the word "beer" is used without restriction or qualification, it denotes an intoxicating malt liquor, and, being included by the constitutional provision among intoxicating liquors, one who unlawfully handles beer has the burden of proof to show that it is not intoxicating if he so claims.

2. APPEAL AND ERROR—Findings of Court — Conclusiveness. When there is a trial by the court without the intervention of a jury, with a general finding in favor of the defendant in error, there being some competent evidence reasonably tending to support such finding, the same will be conclusive on review in this court.

3. INTOXICATING LIQUORS — Interstate Shipment—Confiscation. R. B. Co. having, through mistake, consigned by interstate shipment a car of beer to a party at Tulsa, Okla., when the same was intended to be consigned to a party at Chillicothe, Mo., the party at Tulsa never receiving the same in the capacity as consignee, but, acting under instructions from the original consignor, has the same unloaded from the original car and reloaded into another car or cars to be rebilled and reshipped to the original consignor at Kansas City, Mo., held, that the same was not subject to be confiscated.

(Syllabus by the Court.)

*Error from Tulsa County Court; N. J. Gubser, Judge.*

Search and seizure warrant by the State against a Certain Car of Beer. From the judgment, the Rochester Brewing Company brings error. Reversed and remanded.

*Deichman, Martindale & Nicodemus,* and *Wade S. Stanfield,* for plaintiff in error.

WILLIAMS, J. On the 28th day of July, 1908, a search warrant was issued by the county court of Tulsa county commanding the sheriff of said county to search a certain Santa Fe refrigerator car No. 3177 situated on the sidetrack of the Midland Valley Railroad at Tulsa, Okla., and to seize all liquors therein found, etc. The amended return thereon reads as follows:

"Received this search warrant July 28, 1908, and executed the same by searching the within described car, no one was in possession of car, and posted notice on inside of car door, and found fifty-one barrels of beer, and now have the same in my possession subject to the order of the court. No one being found in possession posted copy of said warrant on the inside of car door."

On the hearing, there was evidence introduced as to whether the beer was intoxicating, and it is insisted that it was not sufficient to justify a finding on the part of the court to that effect. We think there was some competent evidence reasonably tending to support such finding. And this court has in numerous cases held that, under such a status, the finding of the court will not be disturbed. However, it seems that it was not incumbent upon the state to introduce evidence other than to prove it was "beer" to show that it was intoxicating. In the case of *Paul Antonelli, Plaintiff in Error, v. State of Oklahoma, Defendant in Error,* (No. A-29, recently decided by the Criminal Court of Appeals) 3 Okla. Cr. 580, 107 Pac. 951, it was held:

"When the word 'beer' is used without restriction or qualification, it denotes an intoxicating malt liquor, and, being included by the constitutional provision among intoxicating liquors, one who sells beer has the burden of proof to show it is not intoxicating if he so claims."

It was urged in the lower court that the proceedings had under the writ were void on the ground that the search and seiz-

ure provisions of what is known as the enforcing act (Sess. Laws 1907-08, pp. 594-614) were repugnant to the provisions of the Constitution of the state.   But this contention seems to have been abandoned in the brief, this question having been decided adversely to the plaintiff in error, not only by this court, but also the Criminal Court of Appeals. *State ex rel. Reardon v. Hooker, County Judge,* 22 Okla. 712, 98 Pac. 964; *State v. Hoffer,* 3 Okla. Cr. 340, 106 Pac. 533.

Further, J. B. Quigley, on the part of the plaintiff, testified as follows:

"Q. Do you know about this car being, or a part of the goods of this car being, levied on by the officers on the 28th day of July last?   A. Yes, sir.   Q. At the time they levied on this car what, if anything, were you doing with the goods that were contained in this car?   A. We were transferring them into another car.   Q. For whom were you acting in making this transfer?   A. The Rochester Brewing Company.   Q. Were you acting by instructions or without instructions?   A. By instructions.   Q. To whom was this car originally billed?   A. To me.   Q. Did you ever receive this car in your individual capacity?   A. No, sir.   Q. Why not?   A. The morning of the 28th, I believe it was, in talking with the brewer people over the phone, they told me they had made a mistake in the shipment of this car to Tulsa, and to investigate and return part of the car.   Q.   Did you investigate the car?   A. Yes, sir.   Q. And following that investigatoin what did you do?   A. I had my man go down there and transfer half of it into another car.   Q.   Why did you not have the rest of it transferred?   A. They didn't say anything about the other half at that time, and I supposed it was Adams Special, but in my conversation with them a half hour afterwards they told me then that the whole car was wrong.   Q. Did you cause an investigation to be made?   A. Yes, sir; I found there was no labels on it.   Q. What did you do with this?   A. I started to put the rest of it in another car.   Q. Did you pay the freight on this?   A. I had got the car unloaded in the afternoon when I paid it.   Q. And when you paid it, who did you pay it for?   A. Rochester Brewery.   Q. Did you charge it to the Rochestery Brewery?   A. I charged them with $90, and they have already paid it back to me."

This evidence on the part of the plaintiff in error is uncon-

troverted.   Here we have an interstate shipment in the possession of the carrier, and a party goes to the agent of the interstate carrier representing the consignor who initiated this interstate shipment at Kansas City for the purpose of having the contents of this car reshipped and rebilled into another state to the original consignor.   As was held in the case of *State v. 18 Casks of Beer,* 24 Okla. 786, 104 Pac. 1093, and *St. Louis & San Francisco Railroad Co. v. State* (recently decided by this court), *infra,* 109 Pac. 230, when an actual delivery by the carrier to the consignee has taken place, the state laws attach.   But, under the evidence in this record, if it be that possession was delivered by the interstate carrier to Quigley not for the purpose of selling or unlawfully disposing of the same within the state of Oklahoma, but solely to rebill and reship the same back to the consignor in the state of Missouri, we know of no state law under such circumstances by which same could be confiscated.

This case has been briefed for the plaintiff in error in accordance with the rules of this court.   The counsel for the defendant in error (the state) has not seen fit to brief same.   In the case of *Ellis et al. v. Outler et al.,* 25 Okla. 469, 106 Pac. 957, Mr. Justice Dunn, in speaking for the majority of this court, said:

"Counsel for defendants in error filed no brief in this case, and have given no reason for their failure to do so, although the brief of counsel for plaintiffs in error was prepared, printed, and duly served upon them.   Under these circumstances, this court is not required to look to the record to ascertain upon what possible theory the judgment of the trial court might be sustained, but will exercise the option given it under rule 7 (20 Okla. viii, 95 Pac. vi)."

See, also, to the same effect, *Reeves & Co. v. Brennan,* 25 Okla. 544, 106 Pac. 959; *Butler et al. v. McSpadden, Id.,* 465, 107 Pac. 170; *Sharpleigh Hardware Co. v. Pritchard, Id.,* 808, 108 Pac. 360.   Under the rule announced in said cases, we would be justified in reversing this cause, for above all cases, those in which the state is interested, the attorney for the

state, who is provided for such purposes at the expense of the taxpayers, should brief the cases in order to expedite the business of this court. But we have carefully examined the evidence contained in the record and have reached the conclusion as hereinbefore announced. It may be that counsel for the state have recognized that it was not entitled to prevail on the record in this case, and for that reason has not briefed same. In such event, counsel should have aided and facilitated the expedition of the business in this court by filing a confession of error.

The judgment of the lower court is reversed and remanded, with instructions to grant a new trial.

All the Justices concur.