## THOMPSON v. FOLSOM.

No. 496.   Opinion Filed May 10, 1910.

(108 Pac 1104.)

**APPEAL AND ERROR—Review—Sufficiency of Evidence.** In a cause tried to the court, where there is any evidence reasonably tending to support the judgment, it will not be disturbed on appeal.

(Syllabus by the Court.)

*Error from Marshall County Court; J. W. Falkner, Judge.*

Action by Annie May Folsom, by her next friend, J. B. Ryburn, against H. L. Thompson. Judgment for plaintiff, and defendant brings error. Affirmed.

*Potter & Potter,* for plaintiff in error.
*Geo. E. Rider,* for defendant in error.

TURNER, J.   On October 19, 1906, Annie May Folsom, by next friend, J. B. Ryburn, defendant in error, sued H. L. Thompson, plaintiff in error, before a United States commissioner at Madill, Ind. T., for $68.75. rent due; and to enforce her lien as landlord, she alleged statutory grounds (Mansf. Dig. § 4459 [Ind. T. Ann. St. 1899, § 2926]), and sued out a writ of attachment, which was levied on the crop grown that year on the demised premises, to satisfy the debt. After answer filed there was trial and judgment for plaintiff and against defendant and his sureties on the retaining bond. On trial anew to the court in the county court of Marshall county, where the cause was transferred on the advent of statehood, there was judgment for plain-

tiff and against defendant and his said sureties for said amount, with interest and costs, and defendant brings the case here.

Defendant for error assigns that the judgment is contrary to law, because, he says, the evidence fails to prove the relation of landlord and tenant between plaintiff and defendant. No evidence was offered by defendant. The plaintiff's evidence reasonably tends to prove that, while defendant was in possession of certain lands lying in what is now Marshall county, Okla., the same were allotted to plaintiff in the spring of 1906; that thereafter defendant planted a crop thereon, and agreed to attorn to plaintiff; that when the rent became due he gave her a check for the amount, which, when presented, was not paid at the instance of defendant; that thereupon this suit was brought. We think the testimony shows, *prima facie*, the relation of landlord and tenant between the parties, and that the court did not err in so holding, and rendering judgment for plaintiff. *Knowles v. Murphy,* 107 Cal. 107, 40 Pac. 111; *Cressler v. Williams,* 80 Ind. 366; *Howe v. Gregory,* 2 Ind. App. 477, 28 N. E. 776; *Decker v. Hartshorn,* 65 N. J. Law, 680, 46 Atl. 755.

Affirmed.

All the Justices concur.