## HECKMAN v. JACKSON.

No. 1419. Opinion Filed January 16, 1912.

(120 Pac. 941.)

1. **APPEAL AND ERROR**—Review—Findings of Referee. Where the evidence is both direct and circumstantial, and in conflict, the findings of a referee, examined and approved by the court, will not be disturbed, or an examination be made, as to where the preponderance lies, by this court.

2. **SAME**—Review—Harmless Error—Evidence. It is improper to permit a witness, on cross-examination, to be asked if he has not been charged by indictment with a certain criminal offense. But in a case tried by the court, on the report of a referee, without the intervention of a jury, where there is abundant competent evidence to sustain the findings and judgment, and it clearly appears that justice has been done, and that with the incompetent evidence eliminated the same result would be reached, the cause will not necessarily be reversed on this ground alone.

(Syllabus by Brewer, C.)

*Error from District Court, McIntosh County; Preslie B. Cole, Judge.*

Action by Thomas Jackson against P. E. Heckman. Judgment for plaintiff, and defendant brings error. Affirmed.

*Enloe V. Vernor,* for plaintiff in error.

*N. B. Maxey* and *Thos. W. Leahy,* for defendant in error.

Opinion by BREWER, C. This is a suit to quiet title. The plaintiff in error, P. E. Heckman, was defendant below, and the defendant in error, Thomas Jackson, was plaintiff below. The parties will hereafter be referred to as they were known in the trial court.

On the 5th day of January, 1909, the plaintiff filed this suit in the district court of McIntosh county, in which he alleged that he was the owner of a fee-simple title, and was in the peaceable possession of the S. E. ¼ of section 27, Twp. 12, R. 16, in McIntosh county, Okla., and that the defendant claims an estate in such lands adverse to the plaintiff, by virtue of a deed to said defendant by one Mariah Rogers. Plaintiff further alleged the defendant's claim was without right, and that he had no title, estate, or interest in the lands. Plaintiff further asks that defendant be required to set forth the nature of his claim; that it be adjudicated, and that on trial plaintiff's title to said lands be declared valid; that defendant be declared to have no interest or estate in the land; and that he be enjoined from asserting any claim thereto, etc.

The defendant appeared and filed answer in the cause, denying plaintiff's title, and alleging ownership in himself, under deed from one Mariah Rogers, who in turn held under deed from plaintiff. Defendant asks that his title be held good, and quieted.

After reply and issues joined, the cause was, on the 2d day of March, 1909, by agreement of the parties, referred to W. M. Duffy, Esq., as special referee, to take proof and report his findings of fact and conclusions of law therein, who, upon the 30th day of March, 1909, and upon subsequent dates, heard the oral testimony of numerous witnesses in the case. On the 6th day of

May, 1909, the special referee filed his report, embracing his find-- ings of fact and conclusions of law.

On the 10th day of June, 1909, the defendant filed exceptions- to the report of the referee, and on the 24th day of June, 1909,. the exceptions of defendant were heard by the court and over-- ruled, and the report of the referee was, in all things, confirmed, and his findings of fact and conclusions of law were adopted by the court, and judgment rendered in favor of the plaintiff.   Mo- tion for new trial was filed by the defendant, which was over- ruled, and the cause comes here for review.

The report of the referee in this case is lengthy and embraces a particular finding of many facts, but we think it only necessary to state certain portions thereof, as follows:

"From the evidence taken before me, I find that the plaintiff, Thomas Jackson, is the allottee of the land in controversy, he be- ing a Creek Indian (roll No. 2,680) ; that the premises in con- troversy is a part of his surplus allotment; and that he is now, and has been since receiving his deed therefor from the Creek Nation, approved August 21, 1903, in peaceable possession of same.   There is filed with your referee a warranty deed, dated August 26, 1907, purporting to have been signed by the plain- tiff, Thomas Jackson, conveying the land in controversy to one Mariah Rogers; and there was also filed a warranty deed, dated September 3, 1907, signed by said Mariah Rogers and her hus- band, Alex Rogers, conveying said premises to the defendant, P. E. Heckman.   The plaintiff, Thomas Jackson, denies that he executed the deed of August 26, 1907, to Mariah Rogers.   Did he execute said deed?  *  *  *   In view of all the testimony taken in this cause and the surrounding circumstances connected therewith, the referee is of opinion, and so finds, that the pur- ported deed of August 26, 1907, purporting to have been signed by the plaintiff, Thomas Jackson, and conveying to said Mariah Rogers the land in controversy in this cause, was never in fact signed or executed by said plaintiff, and that the defendant, P. E. Heckman, took no interest in the land in controversy by virtue of the deed of September 3, 1907, from said Mariah Rogers and husband to him (the said Heckman), conveying to him the prem- ises in controversy.

"Conclusions of law.   From the foregoing findings of fact, I find that the plaintiff, Thomas Jackson, is the owner in fee simple of the land described in his petition in this cause, and that the

defendant, P. E. Heckman, has no claim or right, estate, or interest in or to said land.

"Recommendations. I therefore recommend that the prayer of the plaintiff, Thomas Jackson, in his petition be granted, and that he be decreed to have valid title to the land described therein, and that the defendant, P. E. Heckman, be decreed to have no claim, estate, or interest in said land, and that said defendant be perpetually enjoined from asserting any claim to said premises adverse to said plaintiff."

Three assignments of error are urged here for a reversal of this cause as follows:

"First: For the first assignment of error, this plaintiff in error insists that the findings of fact by the referee and the subsequent adoption of the same by the court are clearly against the weight and preponderance of the evidence in the case. Second: The admission of irrelevant and incompetent evidence. Third: That the court erred in its conclusions of law."

(1) The first assignment—that is, that the findings of the referee and court are against the preponderance of the evidence—cannot be sustained. This case hinged upon the question of the validity of the deed offered by the defendant, and which, it was alleged, the plaintiff had executed. Upon this question, there is much evidence, direct and circumstantial, and it is in hopeless conflict. From it all, the referee and the court found in favor of the plaintiff; and under the well-established doctrine of this court such a finding will not be disturbed, or an examination, as to where the preponderance lies, be made by this court. On this question, a citation of a few only of the numerous decisions of this court will suffice.

"Where the record presents no question for review, except such as would require the Supreme Court to weigh the evidence and determine where the preponderance lies, the judgment of the court below will be affirmed." (*Carr v. Maxwell Trad. Co.*, 24 Okla. 758, 105 Pac. 333.)

"Where the evidence is conflicting and reasonably tends to support the verdict, it will not be disturbed in the Supreme Court." (*Kaufman v. Boismier et al.*, 25 Okla. 252, 105 Pac. 326; *Indian Land & Trust Co. v. Taylor*, 25 Okla. 542, 106 Pac. 863.)

"Where a case is tried by the court, without the intervention of a jury, and special findings of fact are made, and such

findings are based upon oral testimony, such findings are conclusive on the Supreme Court as to disputed and doubtful questions of fact." (*McCann v. McCann et al.,* 24 Okla. 264, 103 Pac. 694; *Blakemore v. Johnson,* 24 Okla. 544, 103 Pac. 554; *Rochester Brewing Co. v. State,* 26 Okla. 309, 109 Pac. 298; *Murray et al. v. Snowder,* 25 Okla. 421, 106 Pac. 645; *Oklahoma F. M. I. Ass'n v. Smith,* 25 Okla. 495, 106 Pac. 861; *Thompson v. Folsom,* 26 Okla. 326, 108 Pac. 1104; *Lipscomb v. Allen et al.,* 23 Okla. 818, 102 Pac. 86.)

(2) The plaintiff in error complains in this assignment that the referee erred in permitting on cross-examination of one of the witnesses, the question if it was not true that he and the notary who took the acknowledgment to the plaintiff's alleged deed were under indictment for forging deeds in Muskogee county. We do not believe this was competent (Wigmore on Evi., vol. 2, sec. 982; *State v. Greensburg,* 59 Kan. 404, 53 Pac. 61; *Price v. United States,* 1 Okla. Cr. 291, 97 Pac. 1056; *Hendrix v. State,* 4 Okla. Cr. 611, 113 Pac. 244); but, inasmuch as the cause was tried by a referee, and reviewed and affirmed by the court, and there was abundant other evidence and circumstances indicating the forgery of the deed in question, we do not feel like reversing the case upon this circumstance alone; for we believe that if it was reversed on this ground, upon a new trial, with this evidence eliminated, the referee, court, or a jury trying the case would probably arrive at the same conclusion that has been reached herein.

(3) The third assignment, that the court erred in its conclusions of law, we do not think needs consideration, as it is practically covered and treated under assignment No. 1.

There is another reason, however, why this case should be affirmed. As has been said, the whole case depends upon the validity of the deed of August 26, 1907. It is agreed in the record that the plaintiff was a Creek Indian (No. 2,680 on the Creek roll), and that the land in question was a part of his surplus allotment. It is clearly shown by the oral testimony of the plaintiff and his father, and by plaintiff's enrollment card, that at the time of the execution of the alleged deed plaintiff was under twenty-one years of age, and was therefore a minor, and was in-

competent to convey the lands in question. These facts are clearly shown in the record and not disputed; but it seems the referee and the court based their decision and judgment solely upon the ground that the alleged deed was a forgery, and we mention this state of the record more to show the futility of a reversal in this case than otherwise.

For the reason stated the judgment should be affirmed.

By the Court: It is so ordered.

All the Justices concur.