Oklahoma Farmers' Mutual Indemnity Ass'n v. Smith.

No. 359.   Opinion Filed January 11, 1910.

(106 Pac. 861.)

**APPEAL AND ERROR—Review—Sufficiency of Evidence.** In a cause tried to the court, where there is any evidence reasonably tending to support the judgment, it will not be disturbed on appeal.

(Syllabus by the Court.)

*Error from District Court, Roger Mills County; G. A. Brown, Judge.*

Action by T. J. Smith against the Oklahoma Farmer's Mutual Indemnity Association. Judgment for plaintiff, and defendant brings error. Affirmed.

*George T. Webster*, for plaintiff in error.

Turner, J. This is a suit on a policy issued by plaintiff in error insuring defendant in error against all immediate "loss or damage by fire, lightning, wind, cyclone, and tornadoes," for the term of five years from September 25, 1906, five horses and colts located on a certain farm in Roger Mills county. The petition alleged the loss of a horse, of the value of $100, covered by the policy, as a result of a windstorm on November 18, 1906. After answer filed there was trial to the court, which resulted in judgment for plaintiff for $75 and costs, and the insurance company brings the case here for review.

At the close of plaintiff's testimony defendant demurred to the evidence, which was overruled, and exceptions saved, and after the company had introduced its testimony the court rendered judgment as stated. The error assigned is that the court erred in overruling defendant's demurrer to the evidence and that the judgment is contrary to law. There is no material conflict in the testimony. It discloses that on the night of November 18, 1906, during the life of the policy, there came from the northwest a terrific snow and wind storm of sufficient violence to unroof plain-

tiff's shed, built of poles, brush, and hay, where the insured horses were kept, and blow the lot gate open, from which they escaped; that it also careened plaintiff's house some eight inches, and cracked it at the corner sufficient to put the fingers through, and blew a wagon with the brake on through a two-wire fence. Some 300 yards from the shed from which the horses escaped was a millet stack near the edge of a cliff some 10 feet high, behind which the horse in question sought shelter from the storm; that while so doing the wind blew with such velocity as to drift him over said cliff or bank, killing him in the fall.

The court in effect found these facts, and held that the wind was the proximate cause of the loss. In this we see no error, as there was evidence reasonably tending to support the finding. We have examined the cases cited by plaintiff in error, and find none of them in point. There is no question that the loss occurred as a direct result of the high wind prevailing at the time, and that, too, without the interference of any other agency. *Hartford Insurance Co. v. Nelson*, 64 Kan. 115, 67 Pac. 440. There is nothing in the other assignment of error.

The judgment of the lower court is affirmed.

All the Justices concur.