# MODERN WOODMEN OF AMERICA v. TERRY.

No. 5740. Opinion Filed December 21, 1915.

(153 Pac. 1124.)

INSURANCE—Fraternal Benefit Society—Change of Beneficiary— Application—Construction. In an action to recover upon a benefit certificate issued by defendant to B., defendant answered, setting up that B.'s wife had been the beneficiary in the certificate issued to B.; that on July 17, 1912, it received an application, dated July 9, 1912, from B. asking that a benefit certificate be issued to B. under plan 6 of defendant's system of insurance; that his beneficiary be changed from his wife to plaintiff, his sister, and that a new certificate issue bearing date July 15, 1912; that the by-laws of the defendant provided for change of beneficiary at any time upon application of a member in good standing, upon payment of a prescribed fee and surrender of or waiver of all rights under the old certificate; that the by-laws further provided that the change of beneficiary should not become effective until the issue of a new certificate during the lifetime of the member, and that until the issue of a new certificate the old certificate remained in full force and effect; that owing to the volume of defendant's business, B.'s application was not acted on until July 30, 1912, when a new certificate with plaintiff named as beneficiary was issued; that B. died on July 18, 1912; that in 1912 defendant by a by-law changed its plan of insurance and provided for seven plans of insurance from which its members were to elect, and sent out blank forms upon which such election was to be expressed; that one of such forms was used by B., and that it was not the regular form of defendant for applications for change of beneficiary; that the by-laws of defendant provided that benefit certificates under plan 6 should not go into effect and be in force until July 1, 1913. **Held:**

(1) That under the by-laws of defendant a member in good standing had a right to change the beneficiary named in his cer-

tificate to another eligible beneficiary at any time upon complying with the provisions of the by-laws of defendant.

(2) That the fact that plan 6 of defendant's insurance did not take effect until January 1, 1913, did not affect the right of B. to have a present change in beneficiary in the certificate then in force, and that the application made by B., set out in the answer of the defendant, was an application for a present change in beneficiary and an election to have a certificate issued under plan 6 when such plan became effective, and it became the duty of defendant to change the beneficiary of B. in the certificate held by him then in force at once.

(3) That B. having made application in due and regular form for a change of beneficiary, and having fully complied with the provisions of defendant's by-laws, and such application having been regularly received by defendant during his lifetime, the failure of defendant to perform the ministerial acts of recording such change of beneficiary and issuing a new certificate showing such change during his lifetime did not defeat the change of beneficiary applied for, but the same was, by reason of the performance of all conditions required by B. during his lifetime, effected.

(4) That the setting up of the above matters in defendant's answer did not state a defense, and a demurrer thereto was properly sustained.

(Syllabus by Rummons, C.)

*Error from District Court, Okmulgee County;*
*Wade S. Stanfield, Judge.*

Action by Cora B. Terry against the Modern Woodmen of America. A demurrer to defendant's answer was sustained, and defendant brings error. Affirmed.

*Truman Plantz, Geo. G. Perrin,* and *Geo. L. Bowman,* for plaintiff in error.

*W. W. Wood* and *W. W. Witten,* for defendant in error.

Opinion by RUMMONS, C. Defendant in error, hereinafter styled the plaintiff, commenced this action in the district court of Okmulgee county against the plaintiff in error, hereinafter styled the defendant, alleging in

her petition that one John E. Bobbitt, the brother of plaintiff, was a member of and held a benefit certificate in defendant association; that said certificate, at the request of the insured, was made payable at his death to plaintiff; that insured died on July 18, 1912; that the plaintiff furnished due and regular proof of death to the defendant, but that the defendant refused payment of such benefit certificate, and prayed judgment for $1,000. The defendant answered this petition, denying generally the allegations therein, but admitting the incorporation and organization of the defendant. Defendant in such answer then set up two affirmative grounds of defense, the first of which, in substance, alleged: That John E. Bobbitt was a member in good standing of the association, and had been such member from August 11, 1900; that in 1905 the said John E. Bobbitt changed the beneficiary named in his benefit certificate from his mother, who had formerly been the beneficiary, to Aurene C. Bobbitt, his wife, and that a new certificate was issued by defendant naming said Aurene C. Bobbitt as beneficiary; that the benefit certificate provided that it was subject to any by-laws of the defendant existing at the time it was issued, and to any by-laws that thereafter might be enacted, and that such by-laws then existing and thereafter enacted were binding upon said John E. Bobbitt and his beneficiary or beneficiaries; that the by-law applicable to changes of beneficiaries at the time of the death of said John E. Bobbitt was as follows:

"CHANGE OF BENEFICIARIES—ASSIGNMENT OF BENEFITS. If a member in good standing at any time desires a change in his beneficiary or beneficiaries and to obtain a new certificate, he shall pay to the camp clerk a fee of

50 cents and deliver to him his benefit certificate, with the surrender clause on the back thereof duly filled out and executed by him, designating therein the change desired in the beneficiary or beneficiaries. The execution of such surrender clause by the neighbor shall be in the presence of the clerk of his camp, the signature of the member thereto may be attested by the jurat or acknowledgment of any person authorized by law to administer oaths and take acknowledgments, and the same shall be forwarded to the clerk of his local camp. The local clerk shall deposit one-half of said fee of 50 cents in the general fund of the camp, and forward said certificate, with said surrender clause indorsed thereon, and the remaining half of said fee to the Head Clerk, who shall thereupon issue a new benefit certificate payable to the beneficiary or beneficiaries named in said surrender clause, depositing the fee of 25 cents in the general fund of the society. No change in the designation of beneficiary or beneficiaries shall be effective until the old certificate shall have been delivered to the Head Clerk and a new certificate issued during the lifetime of the member, and until such time the old certificate shall remain in force. The new beneficiary or beneficiaries so named shall be within the description of beneficiaries contained in section 45 hereof. Any attempt by a member to change the payee or the benefits of his benefit certificate by will or other testamentary document, contract, agreement, assignment, or otherwise than by strict compliance with the provisions of this section relating to change of beneficiary, shall be absolutely null and void. Any agreement entered by the member, by the terms of which he attempts to assign the benefits agreed to be paid under the certificate, or any part thereof, to any other person or persons than the beneficiary or beneficiaries designated in the certificate, shall be absolutely void; as shall any agreement entered into by which the member agrees not to change his beneficiary if he afterwards violates such agreement and exercises his right to any time before death change his beneficiary."

—that the defendant on July 17, 1912, received at its Head Camp at Rock Island, Ill., an application from John E. Bobbitt for exchange of benefit certificate and an election as to the kind of benefit certificate desired, which application was dated July 9, 1912, at Phippsburg, Colo., and requested that said benefit certificate in the sum of $1,000, payable to the said Aurene C. Bobbitt, be canceled, and that a new benefit certificate be issued in lieu thereof in the same amount payable to plaintiff; that at the time said application was received at the head office of defendant the defendant was receiving great numbers of applications for changes in beneficiaries and amounts of certificates (setting out the various departments and the routine through which plaintiff's application passed before the new certificate was finally issued), and that a new certificate in accordance with the request of John E. Bobbitt was not issued until July 30, 1912, after his death; that the plan selected by John E. Bobbitt, known as plan 6 under the by-laws of defendant, could not go into force and effect until January 1, 1913; that John E. Bobbitt requested in said application that the new certificate bear date July 15, 1912, and that because of such by-law as to plan 6 selected by the insured the defendant was not bound to observe such request, but that the benefit certificate requested was issued by it on July 30th in the due course of business.

For a second affirmative ground for defense defendant alleges that in the year 1912 the by-laws of defendant were so amended as to provide for several plans of insurance, designated as plans 1 to 7, inclusive; that each member of defendant was given the privilege of selecting which plan of insurance he desired to have; that under

the by-laws plan 6 did not go into effect and become operative until January 1, 1913, and the benefit certificate thereunder did not take effect until such date; that defendant prepared forms of application to be used by its members to select which of said plans from 1 to 7 they might desire; that thereafter an application, dated July 9, 1912, at Phippsburg, Colo., by the insured, was received by the defendant at its head office on July 17, 1912; that such application requested that a new certificate be issued under plan 6 to the insured payable to the plaintiff, and requested that such certificate bear date July 15, 1912; that the form used in this application was not the regular form of defendant for changes of beneficiaries; that the insured died on July 18, 1912; and that the benefit certificate payable to plaintiff as requested by the insured was not issued by defendant until July 30, 1912. The plaintiff interposed demurrers to each of these two affirmative defenses set up in the answer, upon the ground that each defense failed to state facts sufficient to constitute a defense. The demurrers were sustained by the trial court. The defendant excepted to the order sustaining the demurrers, and appealed to this court to review such order.

That part of the section of the by-laws pleaded by defendant which is applicable to the questions involved in this case, and upon which defendant relies for a reversal of the order of the trial court, is as follows:

"No change in the designation of beneficiary or beneficiaries shall be effective until the old certificate shall have been delivered to the Head Clerk and a new certificate issued during the lifetime of the member and until such time the old certificate shall remain in force."

It is the contention of the defendant that the court erred in sustaining the demurrer of plaintiff because it is alleged in each of the defenses demurred to that no new certificate changing the beneficiary was issued by defendant during the lifetime of the insured. Defendant contends that by reason thereof the old benefit certificate, of which Aurene C. Bobbitt was the beneficiary, still remains in force, and that no valid certificate of which plaintiff was the beneficiary was ever issued. Counsel for defendant in their brief exhaustively present the authorities in support of their view of this case as to the change of beneficiary. On the other hand, counsel for plaintiff in their brief present a great array of authorities in support of the contention of plaintiff as to the change of beneficiary. The issue presented for this court's determination requires a consideration of the two lines of authorities relied upon by plaintiff and by defendant. We have considered carefully the authorities presented in the briefs of both parties, and from such consideration and from what investigation we have been able to make we have reached the conclusion that, while the authorities seem to be, and many of them are, in absolute conflict as to the rule of law, yet, if the facts in each of the cases are considered, the apparent conflict may be in a large degree minimized. We think it is the accepted rule of law that, where the by-laws of a fraternal beneficiary society, such as the defendant, provide the manner in which a change of beneficiary may be effected by a member of the society, the method so provided is binding upon the members, and is exclusive. It also seems clear that the members of such fraternal beneficiary society have an absolute right at any time, while in good standing, to change the beneficiary named in the benefit certificate, provided they com-

ply with the rules prescribed in the by-laws of the society, and the beneficiary selected belongs to the class which is eligible. It is also true that the society may waive any informalities or irregularities in the application for a change of beneficiary during the lifetime of the insured, but that after the death of the insured the society has no power to waive any of such provisions, for the reason that, while the beneficiary in a certificate of fraternal insurance during the lifetime of the insured has only an expectancy, yet on the death of the insured the interest of the beneficiary named in the certificate becomes at once a vested right.

There seems to be but little controversy between counsel for plaintiff and defendant upon the propositions above stated. The line of cleavage between them comes in their application. On behalf of plaintiff it is contended that, if the insured during his lifetime has done everything which the by-laws of the society require him to do to effect a change of beneficiary, and there only remains to be performed the act of the officers of the society in recording such change, and making the certificate showing such change, under the maxim of equity that equity will regard that as having been done which ought to have been done, the courts will disregard the failure of the officers of the society to perform the ministerial acts necessary to make a record of the change, and will regard the change as having been made and as effective. On the other hand, counsel for defendant contend that every act provided for in the by-laws both on the part of the insured and of the society must have been performed during the lifetime of the insured, or the change of beneficiary will not be effected.

The question presented is one of some difficulty. On the one hand, the interests of the society require that there should be no indefiniteness or uncertainty as to who may be the beneficiary entitled to receive payment of benefits provided for its members, both that litigation may be avoided, and that the society may not be compelled to pay the same thing twice. On the other hand, is the right of the member to designate the individual who shall enjoy after his death the benefits which he has provided by his membership in the society and his payment of the dues required. One of the most cherished privileges of civilized society is the right of the individual to designate who shall enjoy after his death his property and the fruits of his industry and economy. From an examination of the authorities cited in the brief of defendant we find that, while in many of them the language used by the court in determining the question before it amply sustains the contention of defendant, yet that the facts in each of the cases cited are not quite parallel to the facts pleaded by defendant in this case. In no case cited by defendant has every act required by the insured to be performed been done during his lifetime. In no case cited had the application for a change of beneficiary been received at the chief office of the society before the death of the insured. We think the fact that in this case the application of John E. Bobbitt was received by the defendant while he still lived is the controlling factor in this case. We think the answer discloses that the insured had taken every step required of him to effect a change in his benefit certificate, and also a change in the beneficiary, and that his application, in compliance with the by-laws of the defendant, was at the head office of defendant, and could have been acted upon during his lifetime.

In this connection we must consider the effect of the allegations contained in the answer that the application was a request by the insured for a benefit certificate under plan 6, and that the by-laws of the defendant provided that certificates issued under plan 6 should not be effective until January 1st, following the receipt of such application. The defendant does not attach a copy of such application to its answer, but in both paragraphs of its affirmative defenses it is alleged that the application contained a request that the name of the beneficiary be changed to Cora B. Terry, the plaintiff, and that a new certificate be issued to bear date of July 15, 1912. It is argued by plaintiff that this application should be construed as an application for a change of beneficiary under the plan of insurance then in force to take effect immediately, and for a change to plan 6 as soon as the same went into operation. The defendant in its reply brief admits the reasonableness of this contention in the following language:

"There may be some force in defendant in error's contention that, if the deceased applied for a change in beneficiary, and the change in plan could not, according to the by-laws, become effective until January 1st following, that it then became the duty of plaintiff in error to comply with the request for change in beneficiary as soon as it could do so, and later change the plan of insurance. This sounds reasonable, and is, in fact, what this plaintiff in error tried to do."

We agree with counsel for both plaintiff and defendant that the reasonable construction of the application made by the insured is that placed upon it by the plaintiff. The insured is presumed to have known that under the by-laws plan 6 could not become effective until

January 1, 1913. It is also apparent that he desired to make an immediate change of beneficiary. So that the only construction to be placed upon his request that the new certificate bear date July 15, 1912, is that he desired an immediate change of beneficiary, and that he notified the defendant of his election to take his insurance under plan 6 as soon as such plan became operative. This eliminates from our consideration the question of the various plans of insurance; and we come again to the main point at issue, whether or not the change of beneficiary could become effective before the actual issuance of a new benefit certificate as provided in the by-laws. We think in this case that the answer of defendant in the paragraphs complained of states no defense. It is clearly stated that a sufficient application for change of beneficiary was received by it during the lifetime of the insured, and that the only reason that the change of beneficiary was not completely effected by the issuance of a new certificate was the fact that the office force of defendant was unable to transact the business which was coming into the office. We do not believe the defendant can plead its own laches as a defense. If the defendant could delay 13 days in complying with the request for a change of beneficiary, and make such delay a defense, it might wait 30 days or 60 days, and such defense would be equally available. It is a trite saying to speak of the uncertainty of life; and the rights of members of a beneficiary society, in view of such uncertainty, to designate the individual whom they desire to benefit by their insurance, ought not to be made to depend upon the delays of the clerical force of the defendant. In *John Hancock, Mutual Life Insurance Co. v. White,* 20 R. I. 457, 40 Atl. 5, the proceeds of a life insurance policy in which the assured reserved the

right to change the beneficiary with the consent of the company were decreed to one whom the assured had designated by an appropriate paper forwarded to the company's office, although, owing to the neglect of the company, no attention had been given to the paper, and no change ever recorded in its books. We think the better rule, supported by the weight of authority, is that, where everything has been done by the insured to effect a change of beneficiary which is required of him by the by-laws, and the application for the change has been received by the society during his lifetime, and nothing remains to be done except the ministerial act of the officers of the society in recording the change and issuing a new certificate, the change of beneficiary will be held to have been effected, even though the officers of the society may not have performed the ministerial acts during the lifetime of the insured. *Ancient Order of Gleaners v. Bury* (Mich.) 34 L. R. A. (N. S.) 277, to which is attached a note collating the authorities on this proposition: *Modern Woodmen of America v. Headle* (Vt.) note in L. R. A. (N. S.) 1915A, 581.

We therefore conclude that the answer of the defendant in the affirmative defenses pleaded only sets up the fact that by reason of the rush of business they were delayed in complying with the request of the insured for change of beneficiary, and that they state no defense. In the case last cited, *Modern Woodmen of America v. Headle,* it appears that a new certificate was issued by the defendant in this case within 12 minutes after the receipt of the application for change of beneficiary, but that the insured had died before the receipt of the application. It would seem from that case that no such a great

amount of "red tape" was required to effect the change of beneficiary as was pleaded in this case.

We think the court below was right in sustaining the demurrer of plaintiff, and that its order should be affirmed.

By the Court: It is so ordered.