## BERRYHILL v. TRAILKILL.

No. 7842—Opinion Filed Oct. 10, 1916.

Rehearing Denied Nov. 14, 1916.

(160 Pac. 874.)

### Appeal and Error—Review — Questions of Fact—Verdict.

Where the evidence reasonably tends to support the verdict of a jury or the finding of the court, the judgment will not be reversed upon appeal.

(Syllabus by Bleakmore, C.)

Error from District Court, Wagoner County; George C. Crump, Assigned Judge.

Action by Harvey K. Thrailkill against W. T. Berryhill. Judgment for plaintiff, and defendant brings error. Affirmed.

Blair & Brown, for plaintiff in error.

Robert C. Payne, for defendant in error.

Opinion by BLEAKMORE, C. This action originated in the justice court in Wagoner county. The plaintiff below, Harvey K. Thrailkill, filed his bill of particulars in two counts, alleging in the first that he had entered into an oral contract with the defendant, W. T. Berryhill, by the terms of which he undertook to construct for him a cistern of certain dimensions, and for which the defendant agreed to pay him the sum of $90, and alleged his performance of such contract. On the second count he sought to recover upon a quantum meruit. Defendant answered, admitting the contract, but alleging nonperformance on the part of the plaintiff, in that he had not constructed the cistern according to the terms of the contract.

From the judgment of the justice an appeal was perfected to the district court of Wagoner county, wherein there was trial to the court resulting in judgment for the plaintiff in the sum of $75, and a division of the costs. From this judgment, defendant appealed.

The sole ground upon which a reversal of the judgment is sought is that there was no evidence tending to support the second count in the bill of particulars, and that the evidence is insufficient to sustain the judgment on the first count.

As to whether plaintiff had performed the contract on his part by completing the cistern in accordance with the terms thereof the evidence is conflicting. Upon objection of defendant the trial court excluded evidence of the reasonable value of the services rendered by plaintiff. The evidence adduced discloses that the plaintiff constructed a cistern of the dimensions specified in the contract;

that shortly thereafter he approached the defendant for his compensation, and that defendant then informed him that the cistern had not been constructed in accordance with the terms of the contract, and declined to pay the full contract price therefor, but offered to pay him $75, without disclosing in what respect he claimed plaintiff had failed to perform the contract on his part. It was shown upon the trial that the cistern leaked. Plaintiff testified that although he had not been requested so to do, he was willing and had offered to make the necessary repairs, and that the same could be done at an expense of $10.

While the rule is well established, as contended by defendant, that in an action where the petition declares on an express contract and full performance thereof is pleaded, no recovery can be had upon a quantum meruit, yet where, as in the instant case, recovery is sought both upon an express contract and upon quantum meruit, and at the instance of defendant evidence as to the reasonable value of the services rendered is excluded, and the evidence as to full performance of the express contract is conflicting, a finding and judgment that the contract had been performed will not be set aside.

This court by an unbroken line of authorities is committed to the doctrine that where the evidence reasonably tends to support the verdict of a jury or the finding of the court, the judgment will not be reversed upon appeal.

It follows the judgment of the trial court should be affirmed.

By the Court: It is so ordered.