## FRAZIER BRICK CO. v. HERBER (ARDMORE NAT. BANK, Garnishee).

No. 7237—Opinion Filed Jan. 2, 1917.

(162 Pac. 205.)

1. Appeal and Error—Review—Verdict.

Where there is evidence reasonably tending to support the verdict of the jury or the judgment of the trial court, the judgment of the lower court will not be disturbed.

2. Finding—Evidence—Sufficiency.

Evidence in the case at bar examined, and held sufficient to sustain the judgment of the trial court.

(Syllabus by Stewart, C.)

Error from County Court, Carter County; W. F Freeman, Judge.

Action by W. F. Herber against the Frazier Brick Company, begun in justice court, in which the Ardmore National Bank was summoned as garnishee. On judgment for plaintiff the case was appealed to the county court, where judgment was again rendered for plaintiff, and defendant brings error. Affirmed.

Cruce & Potter, for plaintiff in error.

I. R. Mason, for defendant in error.

Opinion by STEWART, C. The plaintiff, W. F. Herber, filed his suit in the justice court against the defendant, Frazier Brick Company, a corporation, alleging damages because of delay of defendant in shipping brick according to contract, purchased by plaintiff from defendant to be used in the con-

struction of the Confederate Home at Ardmore, Okla.; the plaintiff alleging that he was under contract to build such home. The plaintiff at time of filing his suit also instituted garnishment proceeding in said cause against the Ardmore National Bank. Judgment was rendered for plaintiff, and the case was duly appealed to the county court of Carter county. In the county court by agreement the cause was tried before the court without a jury, and judgment was rendered in the county court in favor of the plaintiff and against the defendant. The defendant as plaintiff in error brings error to this court.

The defendant makes eight assignments of error, all of which present but one question, that is, as to whether or not the judgment of the court is sustained by the evidence.

The testimony offered by plaintiff supports the allegations contained in the bill of particulars, and tends to show that the plaintiff was damaged on account of delay occasioned by the fault and negligence of the defendant in shipping brick for the construction of the building in question, in accordance with contract made between plaintiff and defendant; there is also evidence sustaining the amount of damages for which plaintiff obtained judgment.

The defendant, though answering only by way of general denial, attempts to justify its failure by act of providence based upon flood conditions alleged to have existed during the time in which the brick was to have been shipped.

The plaintiff contends in his brief that the defendant did not have the right, under a general denial, to offer evidence supporting such defense. Conceding, for the purposes of this case, that such could be done, reviewing the evidence in the most favorable light toward the defendant, it cannot be said that the uncontradicted evidence clearly establishes such defense. All matters of fact having been passed upon by the trial court, and there being a finding in favor of the plaintiff, we are unable to disturb the judgment.

This court has held so often that where there is evidence reasonably tending to support the verdict of the jury or the judgment of the lower court, the same will not be disturbed, it is a waste of time to cite authorities.

The evidence is sufficient to sustain the findings and judgment of the lower court, and the judgment should be affirmed.

By the Court: It is so ordered.