## GRAND LODGE K. P. OF OKLAHOMA v. MOORE et al.

No. 7936 —Opinion Filed Oct. 30, 1917.

(168 Pac. 659.)

1. **Insurance — Fraternal Insurance—Beneficiaries.**

A beneficiary named in a fraternal benefit certificate only acquires a vested right in the benefits accruing thereunder on the member's death.

2. **Same—Change of Beneficiary.**

Where the constitution and by-laws of a fraternal benefit society provide the method for making a change in the name of the beneficiary in a certificate issued to the member, upon written notice to the local lodge, given at any time prior to the death of the member, and make it the duty of the local lodge to call the same to the attention of the Grand Lodge of the state, whose officers effectuate a change in compliance with such request, and the written notice is given the proper officer of the local lodge, but it is uncertain whether the attention of the local lodge was called to such notice prior to the death of the member, and it is admitted that no change was made in the name of the beneficiary written in the certificate, and after his death the person named in the certificate submitted proof of death and was paid the amount of the certificate, held, in an action upon the certificate by the party named in the written notice as substitute beneficiary, the rights of such party cannot be defeated by the failure of the officers of the local lodge to call the written notice to the attention of the lodge, until after the death of the member, and the failure of the local lodge to call the same to the attention of the Grand Lodge, and the failure of the officers of the Grand Lodge to make the substitution in the certificate in the manner provided by the by-laws, or by the payment of the amount of the certificate to some other person.

(Syllabus by Galbraith. C.)

Error from County Court, Pittsburg County; S. F. Brown, Judge.

Action by Mitchell Moore, Jr., by his next friend, W. C. Moore, against the Grand Lodge Knights of Pythias of Oklahoma. There was a judgment for plaintiff, and defendant brings error. Affirmed.

Ethelbert T. Barbour, for plaintiff in error.

Wright & Boyd, for defendant in error.

Opinion by GALBRAITH, C. This was an action to recover the amount of a benefit certificate, issued by the Endowment Bureau of the Grand Lodge Knights of Pythias of the state of Oklahoma, to Mitchell M. Moore, a member of Damon Lodge, No. 13, located at Hartshorne. It was alleged that the member died on August 15, 1913, when this certificate was in full force and effect. The lodge denied liability for the reason that they had paid the amount of the certificate to Ruth Moore, the beneficiary named therein. There was a trial to the court and a jury and a verdict returned for the plaintiff. To review the judgment rendered upon the verdict, this appeal was prosecuted. The controlling facts are as follows:

At the time of the issuance of the certificate Ruth Moore, the wife of the member, was named as beneficiary. Some two years thereafter the member and his wife separated and lived apart, and the member left

the state and located in Alabama, where he was residing at the time of his death. About a year prior to his death the member, wishing to change the beneficiary in his certificate, wrote to his brother, who lived at Hartshorne, and who had attended to the payment of the dues of the member since he left the state, inclosing notice to the keeper of record and seals of the local lodge, as follows:

"Mr. Woolen—My Dear Bro.: I want you to see that my policy be changed from Ruth Moore to Mitchell Moore, W. C. Moore's boy. I will come when there is a bond made.

"[Signed] W. M. Moore."

This notice, together with the benefit certificate, was delivered to the keeper of record and seals of the local lodge on October 1, 1912.

The evidence is conflicting as to whether or not this notice was called to the attention of the local lodge prior to the death of the member, but it was shown by the minutes of the local lodge, introduced in evidence at the trial, that the question as to who was entitled to be paid the amount of the certificate of the member was submitted to the lodge, after the death of the member, and the lodge decided that Mitchell Moore, Jr., the nephew of the member, was entitled to be recognized as the beneficiary. However, there is no dispute about the facts that the name of the beneficiary in the certificate was not changed, as the by-laws of the order provided, and that Ruth Moore, the beneficiary named therein, made proof of death and collected the amount of the certificate, $300 and interest.

It is not disputed that the by-laws of the order, as provided by statute (section 3497, Rev. Laws 1910), authorized the change of the name of the beneficiary in the certificate, and that they did not prescribe the form of notice that must be given in order to effectuate such change. Under the law the beneficiary named in this certificate had no vested right therein prior to the death of the member. Hines v. Modern Woodmen of America et al., 41 Okla. 135, 137 Pac. 675, L. R. A. 1915A, 264; Modern Woodmen of America v. Terry, 54 Okla. 308, 153 Pac. 1124. Under the by-laws of the order, as well as the statute of this state, a member had the right to change the beneficiary named in the certificate at any time prior to his death. The by-laws did provide for the method of effectuating the change after notice had been given the lodge of the wish of the member to make such change. The question, however, arose

in this case as to whether or not the written notice which the member mailed to his brother, and which was delivered to the keeper of record and seals of the local lodge on October 1, 1912, almost a year prior to his death, was sufficient notice of intention of the member to change his beneficiary. The question was submitted by the trial court to the jury as a question of fact to be determined from the evidence. The jury returned an affirmative answer to it. The trial court also submitted to the jury the question of whether or not notice was brought to the attention of the local lodge of the desire of the member in this respect prior to his death. That question was also answered by the jury by its verdict in favor of the plaintiff below.

It is clear from the record that the local lodge did not call the matter to the attention of the Endowment Bureau of the Grand Lodge, as the by-laws prescribed it should have done in order to effectuate the intention of the member. Still the negligence of the local lodge in this respect could not defeat the right of the member to change the name of his beneficiary, and could not operate to defeat the claim of the plaintiff in this action.

Complaint is made in the brief to the refusal of the court to give two requested instructions presented by the defendant, but no proper exceptions were saved to such refusal, as prescribed by statute (section 5003, Rev. Laws 1910), and therefore these instructions are not here for review.

No prejudicial error has been shown in the trial of this cause, and upon the whole record we conclude that the judgment appealed from should be affirmed.

By the Court: It is so ordered.