## MODERN WOODMEN OF AMERICA v. TERRY.

No. 8568—Opinion Filed March 12, 1918.

(171 Pac. 720.)

**1. Appeal and Error—Verdict or Findings —Conclusiveness.**

Where the evidence reasonably tends to support the verdict of the jury or the finding of the court, such verdict or finding is conclusive on this court upon appeal.

**2. Appeal and Error—Second Appeal— Law of Case.**

A question decided by the Supreme Court on a former appeal becomes the law of the case in all its subsequent stages, and will not ordinarily be reversed upon a second appeal of the same case, when the facts are substantially the same.

**3. Parties—Defendants—Action for Money Judgment.**

In a legal action, like the present, in which the plaintiff seeks only a money judgment, she cannot be compelled to bring in and to admit other parties than those whom she has chosen as defendants.

(Syllabus by Galbraith, C.)

Error from District Court, Okmulgee County; Ernest B. Hughes, Judge.

Action by Cora B. Terry against the Modern Woodmen of America. Judgment for plaintiff, and defendant brings error. Affirmed.

Truman Plantz, Geo. G. Perrin, and Geo. L. Bowman, for plaintiff in error.

W. W. Wood and W. W. Witten, for defendant in error.

Opinion by GALBRAITH, C. This is an action to recover the amount of a benefit certificate issued by the plaintiff in error to John E. Bobbitt, and was commenced by Cora B. Terry, claiming to be the beneficiary named in the said certificate.

This is the second appeal in this case. The decision of the first appeal was filed December 21, 1915. See Modern Woodmen of America v. Terry, 54 Okla. 308, 153 Pac. 1124. The appeal in this case was prosecuted from the ruling of the trial court in sustaining a demurrer to certain parts of the answer of the defendant therein, wherein was set up certain defenses to the plaintiff's claim, and the history of the issuance of the certificate to Bobbitt was set out. It was admitted therein that the assured had died while in good standing, and that proper proof of his death had been submitted, but it was alleged that the company was not liable because the beneficiary named in the original certificate issued to Bobbitt in 1900, wherein his mother was named as beneficiary, had been changed and his wife named as beneficiary in the new certificate issued in 1905, and that his wife was a resident of the state of Washington and beyond the jurisdiction of this court, and was making claim for the amount of the certificate from the defendant, and that the application of the assured to change the beneficiary of his certificate, signed by him July 9, 1912, requesting that the plaintiff, Cora B. Terry, his sister, be named beneficiary therein, had been received by the company July 17, 1912, one day prior to the death of the assured, and that the new certificate, naming Cora B. Terry as beneficiary, was not issued until July 30th, after the death of the assured, and therefore the change in the beneficiary was never properly made, and the plaintiff had no right to maintain suit. The trial court held that this matter constituted no defense to the plaintiff's claim, and sustained a demurrer thereto.

This court affirmed that ruling on appeal, and announced the law of the case so far as the issues presented upon that appeal are concerned. One of the issues presented on that appeal was whether or not the steps taken July, 1912, to change the beneficiary in the certificate in compliance with the written request of the assured, dated July 9, 1912, was sufficient to effectuate such change. This court returned an affirmative answer to that question. When the mandate was returned to the trial court the defendant amended its answer setting up two affirmative defenses, to wit: One, that the request for the change of the beneficiary made July 9, 1912, was executed at a time when the assured did not have mental capacity to make such a request, and, another, that Aurene C. Babbitt, wife of assured, had brought suit in the courts of the state of Washington to recover the amount of said certificate, and that that suit was still pending and undetermined, and on that account no cause of action accrued to the plaintiff in this action. The language to the prayer was, "Therefore no right of action accrued to the plaintiff herein."

The law of this case has been determined by this court on the first appeal. There is little left for determination on the second appeal. The first ground of the affirmative defense set up in the amended answer, namely, that the assured was without mental capacity to request the change of beneficiary in the certificate, in July, 1912, and therefore no change of beneficiary could have been made in compliance with the request made therefor, apparently seeks to open up and relitigate an issue that was determined by the decision of the first appeal. Ordinarily this cannot be done. Modern Brotherhood of America v. Beshara, 59 Okla. 187, 158 Pac. 613; Krauss v. Potts, 53 Okla. 379, 156 Pac. 1162; Bash v. Howald, 59 Okla. 116, 157 Pac. 1154. But, assuming that such a defense was available at that time, it only presented a question of fact for the determination of the trial court. The court upon all the evidence found that the insured was competent to make the request. This finding, being supported by the evidence is therefore binding on this appeal. Berryhill v. Thrailkill, 61 Okla. 189, 160 Pac. 875; Frazier Brick Co. v. Herber, 62 Okla. 96, 162 Pac. 205.

In support of the second ground of defense set up in the amended answer, it is contended that Mrs. Bobbitt, a resident of the state of Washington, had filed suit in the courts of that state, seeking to enforce her claim, and asking that the society pay her the amount of the certificate, and that that suit was still pending and undetermined, and that by reason of that fact no

cause of action accrued to Cora B. Terry in this action, and that her action should be dismissed. If the insurance association wished to avoid the possibility of a double liability on this certificate, by reason of there being two claimants as beneficiaries, they had a perfect right under the procedure to have paid the fund into court and to have asked that the claimants thereto be brought in and requested to establish their respective claims in order that the rightful claimant to the fund might be determined in the action, and this action might have been abated until the necessary steps had been taken to have done this. Section 4696, Rev. Laws 1910. Mrs. Bobbitt acquired no vested interest in the certificate prior to the death of Bobbitt. Grand Lodge, K. of P., of Oklahoma v. Moore et al., 66 Okla. 142, 168 Pac. 659. Parties without the jurisdiction of the court might have been brought in by substitute service, as provided by section 4722, Rev. Laws 1910. The association did not elect to proceed as these statutes directed, but sought to take advantage of the situation to defeat one or both claims. This object cannot be accomplished in the manner attempted.

The fact that Mrs. Bobbitt was making claim to the fund and had instituted suit in the courts of the state of Washington to enforce that claim, and that such suit was pending and undetermined, was insufficient to establish that a cause of action did not accrue to Mrs. Terry in the instant case. This was an action at law, wherein Cora B. Terry sought a money judgment only. The rule is announced by this court in the second paragraph of the syllabus in Goodrich v. Williamson, 10 Okla. 588, 63 Pac. 974, as follows:

"In a legal action, like the present, in which the plaintiff seeks nothing but a money judgment, he cannot be compelled to bring in and to admit other parties than those whom he has chosen as defendants."

In the case relied upon by the plaintiff in error (Rumsey v. New York Life Insurance Co., 59 Colo. 71, 147 Pac. 337) the contract of insurance was different from that involved in the instant case, in this, that the New York Life policy required, as a condition to a change in the beneficiary named in the policy, that the name of the new beneficiary shall be indorsed on the policy by the company at the home office. In that case the request for the change of beneficiary had been made and received by the home office of the insurance company, but the indorsement of the change had not been made on the policy, for the reason that the beneficiaries named therein resided in Honolulu and had refused to surrender the policy for such indorsement to be made upon request therefor. Rumsey brought suit on the policy in the courts of Colorado without making the beneficiary a party thereto, on the theory that everything required of him had been done in order to effectuate a change of the name of the beneficiary, and therefore it should, in equity, be held that the change had in fact been made. The court held that this would require a decision relative to the rights of the beneficiary, who had possession of the policy, but was not a party to the suit, and that this could not be done, and granted a nonsuit. It was this ruling of the trial court that was affirmed by the Supreme Court of Colorado in the above case. That Cora B. Terry could not be compelled to make Mrs. Bobbitt a party to this action is sustained by the federal court in New York Life Ins. Co. v. Smith, 67 Fed. 696, 14 C. C. A. 637, as shown by the following excerpts from the opinion:

"It is earnestly argued by the plaintiff in error that J. B. Murphy is an indispensable party as a defendant, and that this action cannot be maintained without his being made a party, and that, in the event that he could not be brought within the jurisdiction of the court, the action should be dismissed. Ergo, if this position is sound, the same objection could be made to any action brought by Murphy, and the insurance company would go scot free, and obtain a judgment in both cases for its costs. Nevertheless, if the law casts upon the defendant in error the burden of procuring the presence of Murphy, it would be her misfortune if she had not or could not do so. We are of the opinion that the law imposes upon her no such burden."

It may be unfortunate for the insurer that it took the chance of a double liability on the certificate involved in this action, but Cora B. Terry is in no way responsible for such hazard. She seems to have been clearly within her rights in prosecuting her claim and in seeking to establish her right to this fund in the manner she did as disclosed by the record. No prejudicial errors having been shown by a consideration of the assignments of error, we conclude that the judgment appealed from should be affirmed.

By the Court: It is so ordered.