## JANEWAY et al. v. NORTON.

No. 7644—Opinion Filed Oct. 31, 1916.

(160 Pac. 908.)

1. Insurance—Mutual Benefit Insurance—Actions—Pleading.

A mutual benefit insurance company issued a certificate of insurance to W. H. N., naming therein E. N. as the beneficiary. On November 20th the assured executed and mailed to the insurance company an application for a change of the beneficiary to R. E. J. and N. N., which application did not reach the insurance company until about November 23d, and after the death of assured, which occurred November 21st. E. N. brought suit to recover the amount due upon the certificate. R. E. J. and N. N. were made parties defendant, and claimed the amount due under the certificate, their answer and cross petition alleging the above facts, but failing to plead specifically the laws of the insurance company in reference to a change of beneficiary and a compliance therewith, but making the general allegation that the assured during his lifetime complied with all the requirements to effect a change of beneficiary to R. E. J.

and N. N. Held, that the answer states a defense good as against a general demurrer.

**2. Same—Change of Beneficiary.**

A member of a mutual benefit insurance company has a right to change his beneficiary by complying with the laws of the association governing such changes.

**3. Same.**

To the rule that the insured must comply with the law of the society in order to effect a change of beneficiary there are three exceptions:

(1) Where the society during the lifetime of the member has waived strict compliance with its own laws.

(2) Where it is beyond the power of the insured to comply literally with such laws.

(3) Where the member has done all the laws of the society require him to do, and only formal ministerial acts on the part of the society remain to be done to complete the change of beneficiary at the time of the death of assured.

(Syllabus by Edwards, C.)

Error from District Court, Love County; W. F. Freeman, Judge.

Action by Mrs. Etta Norton against the Supreme Lodge, Knights of Pythias, and Ruby E. Janeway and another intervene as defendants. Judgment for plaintiff, and interveners bring error. Reversed and remanded, with instructions.

L. S. Dolman and F. C. Ryburn. for plaintiffs in error.

R. A. Keller, for defendant in error.

Opinion by EDWARDS, C. The defendant in error, Mrs. Etta Norton, hereinafter called plaintiff, as the widow of W. H. Norton, deceased, instituted this action in the district court of Love county against Supreme Lodge, Knights of Pythias, to recover upon a certificate of insurance issued by that organization to the said W. H. Norton, deceased. The plaintiffs in error, Ruby E. Janeway and Nova Norton, daughters of the deceased, hereinafter called defendants, intervened and were made parties defendant.

The Supreme Lodge, Knights of Pythias, hereinafter called the Insurance Company, admitted liability, paid the amount due on the certificate into court, and was discharged with costs. The petition of the plaintiff in error alleges, in substance, the issuing of the certificate or policy to W. H. Norton, and that plaintiff is named therein as beneficiary; that said assured died on the 21st day of November, 1914. Plaintiff prays for judgment for the amount of the policy. The defendant Insurance Company for its answer admitted the issuance of said policy, and further pleads a clause of the contract as follows:

"The beneficiary or beneficiaries named in this certificate have no vested interest in the same, and the beneficiaries may be changed at any time, and as often as the member may desire, upon the laws respecting the changing of beneficiaries being complied with."

And it then alleges that on November 13, 1914, pursuant to request of assured, the said company furnished the assured with a blank for a change of beneficiary; that on the 20th day of November, 1914, such change was made and executed by the said assured, and Ruby E. Janeway and Nova Norton were made beneficiaries; the said instruments referred to being attached as a part of the answer of said Insurance Company. It then further alleges that upon November 22, 1914, and before the execution of another certificate evidencing a change in said beneficiary, defendant was advised of the death of said assured. The said Insurance Company asks that Ruby E. Janeway and Nova Norton be made parties, and that it be permitted to pay the amount of the policy into court and be discharged.

The amended answer and cross-petition of Ruby E. Janeway and Nova Norton in substance alleges that they are the sole beneficiaries under the policy in controversy; that on the 9th day of November, 1914, the assured made application to the secretary of Marietta section of said Insurance Company for a change of beneficiary of said policy, and that said secretary forwarded said application to the board of control of said Insurance Company, and upon the 13th day of November, 1914, the president of the insurance department of said company forwarded the proper blank to the assured, and on the 20th day of November said assured filled out said blank, addressed to the board of control of said Insurance Company, acknowledged the same as required by said organization, and forwarded same to the said Insurance Company; that W. H. Norton, the assured, died on the 21st day of November, 1914; and that said change of beneficiaries reached said Insurance Company by due course of mail about November 23, 1914. Said defendants then allege that the deceased had complied with all the requirements to effect the change of said beneficiary to said defendants, and could have done nothing more to effect such change had he lived longer thereafter. They pray judgment against the plaintiff and their codefendant for the amount of said policy as tendered into court by said Insurance Company. To this amended answer a

demurrer was interposed by the plaintiff, which was by the court sustained. The defendants elected to stand upon their answer, refused to plead further, and the court thereupon entered judgment in favor of the plaintiff for the full amount of the policy. From this judgment the defendants Ruby E. Janeway and Nova Norton appeal. The policy sued upon is made payable as follows:

"The Supreme Lodge Knights of Pythias promises to pay at the head office of its board of control unto Etta Norton, his wife, beneficiary of said member, subject to his right to change the beneficiary—as hereinafter provided. * * *"

And it contains the following clause with reference to the rights of and the change of beneficiaries:

"The beneficiary or beneficiaries named in this certificate have no vested interest in same, and the beneficiary or beneficiaries may be changed at any time and as often as the member may desire, upon the laws respecting the changing of beneficiaries being complied with. If there is a failure of designation of beneficiary hereunder, the rule for such cases stated in the laws of the society shall govern."

And attention of the assured is called to the by-laws in a clause as follows:

"A true copy of the several charters of the society and of the laws of the society governing this certificate in force at this time is delivered to the member coincident with the delivery to him of this certificate, and the same is attached to this certificate. Additional copies will be furnished upon request."

The application for change of beneficiary made by the assured to the Insurance Company begins in this manner:

"Application for Change of Beneficiary. In the Insurance Department of the Supreme Lodge Knights of Pythias. To the Board of Control: The undersigned makes application for change of beneficiary, in accordance with the provisions of the laws governing the insurance department (chapter VI, Supreme Statutes, 490 and 492), and for that purpose respectfully submits the following."

And just preceding the acknowledgment thereon it contains the following:

"Note: Change of beneficiary can be made only in accordance with the provisions of the Supreme Statutes referred to, and no change will be valid until application therefor upon this form is accepted by the board of control. When signature of section secretary cannot be obtained, the member must acknowledge signature before an officer authorized to take acknowledgments, who will officially certify to his character and the date of expiration of his term of office."

The facts alleged, then, briefly summarized,

are that the assured held a policy of fraternal insurance in which his wife was named as beneficiary. He procured a blank for the purpose of making application to the Insurance Company for a change of beneficiary, executed such application on the 20th day of November, at Muskogee, Okla., and on said date mailed same to the company at Indianapolis, Ind., but died on the 21st day of November, before the application to change the beneficiary had reached the company. The question then for determination is: Did the court err in sustaining the demurrer to the amended answer alleging this state of facts?

The policy involved in this action attached to the pleadings as an exhibit, naming as it does the plaintiff as the beneficiary, and the liability thereon being admitted by the Insurance Company issuing same, the amount due thereunder should be paid to the beneficiary named, unless it appears that a change of beneficiary in favor of the defendants Ruby E. Janeway and Nova Norton had been effected by the assured, or unless the assured had fully complied with all the requirements of the laws of the Insurance Company to effect a change of beneficiary and only formal, ministerial acts on the part of the organization remained to be done in order to complete the change. 29 Cyc. 129, states the rule as follows:

"In order to divest the rights of the original beneficiary, the substitution of a new beneficiary must ordinarily be completed in the lifetime of the member, since on his death the beneficiary's rights become vested"—citing numerous authorities.

The following rule is also laid down, supported by a great many authorities:

"However, the society has power to prescribe the mode in which a change of beneficiary shall be made, and if a mode of change is prescribed either in its laws or in its certificate of membership, that mode must as a rule be followed by the members in order to effect a substitution of beneficiaries."

Thus it is frequently required, in order to effect a change, that:

"The member shall file a written petition for the change, * * * and the approval of the substitution by the society is sometimes made a condition precedent to the valid substitution." 29 Cyc. 130-132.

See, also, Flowers v. Sovereign Camp Woodmen of the World, 40 Tex. Civ. App. 593, 90 S. W. 526; Stringham v. Dillon et al., 42 Or. 63, 69 Pac. 1020; Knights of Maccabees of the World v. Sackett et al., 34 Mont. 357, 86 Pac. 423, 115 Am. St. Rep. 532; Shuman v. Ancient Order United Workmen et al., 110

Iowa, 642, 82 N. W. 331; McLaughlin v. McLaughlin et al., 104 Cal. 171, 37 Pac. 865, 43 Am. St. Rep. 83; Kemper v. Modern Woodmen of America, 70 Kan. 119, 78 Pac. 452.

In the exhibits attached to the pleadings it is specifically provided that:

"The beneficiary may be changed * * * upon the law respecting change of beneficiaries being complied with."

The certificate or policy of insurance states that:

"A true copy of the several charters of the society and of the laws * * * is delivered to the member, * * * and the same is attached to this certificate."

The application for a change of beneficiary, addressed to the board of control applies "* * * for change of beneficiary in accordance with the provisions of the laws, * * * chapter VI, Supreme Statutes, 490 and 492."

Just preceding the acknowledgment to the application for change of beneficiary is a notice that the change of beneficiary can be effected only in accordance with the provisions of the Supreme Statutes, and not until the application therefor is accepted by the board of control. All these references to the laws of the Insurance Company were pleaded, but the laws themselves governing the change of beneficiaries are pleaded neither as exhibits nor by an allegation of their substance, and such laws nowhere appear in the record before us. Nor do the defendants allege a compliance with the requirements of such laws in respect to a change of beneficiary. The defendants do, however, allege that:

"Wm. H. Norton during his lifetime fully complied with all the requirements to effect a change of the beneficiary to these defendants, and could have done nothing more to effect such change had he lived longer thereafter."

In the absence of any motion to make the pleading more definite and certain, this statement should be considered as an allegation that the insured had pursued the course pointed out by the laws of the association, and had done all in his power to change the beneficiary. Such an allegation is sufficient to state a cause of action in favor of the defendants Ruby E. Janeway and Nova Norton. Knights of Maccabees of the World v. Sackett et al., supra; McLaughlin v. McLaughlin, supra; 29 Cyc. 133, 134. The better pleading, of course, would have been to set out the laws of the Insurance Company providing for a change of beneficiary, and specifically to have alleged a compliance therewith instead of the general allegation in the nature of a conclusion just quoted.

It is evident from the reference made to the laws of the Insurance Company in regard to a change of beneficiary that some law upon that subject exists, since they are referred to as sections 490 and 492 of the Supreme Statutes, and are again referred to as providing that the application for change of beneficiary is not to become effective until accepted by the board of control. But these laws not being before the court, this cause cannot be determined here, and is reversed and remanded, with instructions to the lower court to overrule the demurrer and proceed in accordance with this opinion.

By the Court: It is so ordered.