**MINTON v. MINTON et al.**

No. 23876.    June 26, 1934.

Withdrawn, Corrected, and Refiled Jan. 11, 1935.

Rehearing Denied Jan. 14, 1935.

Lee M. Gray and T. R. Blaine, for plaintiff in error.

Chas. E. Wells, A. J. Carlton, and L. D. Akin, for defendants in error.

ANDREWS, J. This is an appeal from a judgment of the district court of Pottawatomie county.

The record discloses that Western Masons' Mutual Life Association issued two certificates as policies of insurance on the life of Oscar H. Minton, naming "Rosa Minton, his wife" as the beneficiary therein. The insured lived in Oklahoma and paid his insurance premiums in Oklahoma. These certificates of insurance were assumed and taken over by the Occidental Life Insurance Company of California. Prior to the death of Oscar H. Minton he was divorced by Rosa Minton, and he had legally married Minnie Minton, with whom he lived at the time of his death. Rosa Minton presented her claim to the Occidental Life Insurance Company for the insurance. Minnie Minton, the widow of the deceased, brought suit for herself and for her son, Oscar H. Minton, Jr., child of the deceased, against Rosa Minton and the Occidental Life Insurance Company to recover the insurance. The defendant Rosa Minton filed her answer and cross-petition setting up her claims to the insurance money. The defendant Occidental Insurance Company filed its answer. The trial court rendered judgment for the plaintiffs upon the pleadings, and the defendant Rosa Minton appealed to this court. The parties hereinafter will be referred to as plaintiffs and defendant, as they appeared in the trial court.

In the seventh specification of error it is contended that the trial court erred in overruling the objection to the jurisdiction of the court, the Occidental Life Insurance Company being a foreign corporation and not licensed to do business in Oklahoma, and neither defendant could be properly served in Pottawatomie county.

The defendants, Rosa Minton and the Occidental Life Insurance Company, filed motions in the trial court to quash service of process. Rosa Minton lived in Kingfisher county and the suit was brought in Pottawatomie county. Had Rosa Minton been the sole defendant, her contention would have had some merit. The other defendant, the Occidental Life Insurance Company, filed also a special plea to the jurisdiction of the trial court, alleging its organization and existence under the laws of the state of California, and alleging that it had never done business within the state of Oklahoma nor entered the state for any purpose whatever.

Both parties hereto rely upon the fact that the Occidental Life Insurance Company assumed the obligations set forth in the policies or certificates of insurance issued by the Western Masons' Mutual Life Association on the life of Oscar H. Minton, deceased, and here sued upon. The certificate of the assumption of that liability is filed as an exhibit in the record. It is admitted that the Western Masons' Mutual Life Association did qualify and do business in Oklahoma. The policies of insurance in question were solicited in Oklahoma and the premiums paid by the insured while living in Oklahoma. The contracts of insurance were continued in Oklahoma by the Occidental Life Insurance Company and the premiums collected as they came due, and that was sufficient to show that the Occidental Life Insurance Company was doing business in Oklahoma up to the time of the death of the insured. Title Guaranty & Surety Co. v. Slinker, 42 Okla. 811, 143 P. 41; Connecticut Mutual Life Ins. Co. v. Spratley, 172 U. S. 602, 19 S. Ct. 308, 43 L. Ed. 569, and cases therein cited. The defendant being a foreign insurance company, the action could be brought in' any county (section 115, O. S. 1931), and a summons may be issued to another county

against one or more defendants. Section 167, O. S. 1931; Miller v. Thompson, 119 Okla. 171, 249 P. 308. The Occidental Life Insurance Company having failed to appoint the Insurance Commissioner upon whom service could be made, as required by section 10568, O. S. 1931, service upon the Secretary of State was sufficient to obtain jurisdiction of the Occidental Life Insurance Company. Title Guaranty & Surety Co. v. Slinker, supra.

The Occidental Life Insurance Company filed its answer in the nature of an interplea when its plea to the jurisdiction was overruled. By authority of the court it tendered and paid into court the amount due on the certificates of insurance and the maturing dividends and was discharged from further liability. The Occidental Life Insurance Company did not appeal from the order of the court as to the court's jurisdiction, and appears here only as a nominal party defendant.

The defendant Rosa Minton is in no position to complain as to the jurisdiction of the court over the person of the Occidental Life Insurance Company. In paragraph 2 of her answer she alleged "that the Western Masons' Mutual Life Association and the Occidental Life Insurance Company were and now are corporations duly organized under the laws of the state of California, with lawful authority to issue certificates of life insurance and lawfully doing business in the state of Oklahoma by license." She certainly cannot now rely upon her motion to quash summons.

The defendant's fourth, fifth, and tenth specifications of error pertain to the court's rendering judgment for the plaintiffs on the pleadings and its failure to render judgment on the pleadings for the defendant Rosa Minton.

There is no dispute in the pleadings that Oscar H. Minton was issued the two certificates sued upon; that Rosa Minton, his wife at the time, was made beneficiary in both certificates; that in 1919 she obtained a divorce from Oscar H. Minton; that, in 1921 Oscar H. Minton and Minnie Minton, one of the plaintiffs herein, were legally married and had one son, O. H. Minton, Jr., that Oscar H. Minton, the insured, died in 1931, and that both certificates were in full force and effect at that time. As to the contention of Rosa Minton that the beneficiary in the certificates had never been changed, and the reply of Minnie Minton that it had been changed by operation of law, those were contentions of law for determination by the court.

Under proposition 4, at pages 14 and 15 of the defendant's brief, five contentions are presented and will be considered here together.

It is first contended that a decree of divorce does not terminate the insurance interest of a married woman named as beneficiary in an insurance policy of her husband. That contention may or may not be true, depending entirely upon the kind of a policy.

In Pendleton v. Great Southern Life Ins. Co. et al., 135 Okla. 40, 273 P. 1007, this court held:

"A married woman named as beneficiary in an ordinary life insurance policy on the life of her husband is entitled to the proceeds, notwithstanding that she has obtained a divorce before insured's death."

It is only necessary to read the certificates here considered in order to determine that they were issued by a fraternal insurance company where payment on policies of insurance are made exclusively by individual assessments. This is specifically shown on the face of the certificate. The rights obtained by a beneficiary under the old line or ordinary life insurance and under the fraternal insurance are quite different. Under the old line insurance policies the interest of the beneficiary becomes vested at the time of the execution of the policy of insurance. That being true, a divorce without a change of beneficiary in the policy would not divest the beneficiary of his rights under the policy any more than any other class of property under divorce proceedings. In Filley v. Illinois Life Ins. Co. et al. (Kan.) 137 P. 793, that court held:

"The benefit accruing from a policy of life insurance, upon the life of a married man, payable upon his death to his wife, naming her, is payable to the surviving beneficiary named, although she may have years thereafter secured a divorce from her husband and he was thereafter again married to one who sustained the relation of wife to him at the time of his death."

In speaking of fraternal insurance policies, naming the Order of Railway Conductors, that court therein said:

"In this class of cases it seems to be the general rule that no interest vests in the beneficiary until the death of the insured; while in the old-line insurance cases the interest of the beneficiary is said to vest at the time of the execution of the policy."

The rights obtained under fraternal insurance are usually governed by statute. Some statutes provide qualifications to be possessed to be designated a beneficiary in fraternal insurance certificates, while other statutes name the classes who may take the proceeds of the mutual beneficiary insurance. Section 10564, O. S. 1931, provides, in part as follows:

"Benefits in case of death of members shall be paid to the families, heirs, blood relatives, affianced husband or wife or to the person *dependent upon the member* or be used for the payment of the last sickness and funeral expenses of the members all in accordance with the constitution and by-laws of the association. All other benefits, aids and reliefs shall be paid as authorized or directed by the constitution and by-laws of the association. * * *"

Thus it is shown that the Oklahoma statute does not undertake to fix the qualifications one must possess in order to be designated a beneficiary in a mutual insurance certificate, but specifically names the classes who may take the proceeds of mutual beneficiary insurance. The defendant Rosa Minton possessed the necessary qualifications to be designated as a beneficiary when the certificates were issued, and in so far as there is anything in the certificate to the contrary, she would not be precluded from taking even though she had been divorced and the insured had married again. Under the Oklahoma statute, the defendant Rosa Minton could not qualify, since she does not come within the class of persons designated who may take the proceeds of beneficiary insurance. This feature of fraternal and beneficiary insurance was fully considered in Day v. Clark, 285 P. 682, wherein the Supreme Court of Arizona held:

"Under Burns' Ann. St. Supp. Ind. 1921, sec. 5061s, providing payment of death benefits shall be confined to persons in certain relationship and permitting payment to 'wife', divorced wife cannot take under policy"

—and said:

"It is urged on behalf of the appellant that the provision 'the payment of death benefits shall be confined to wife' is satisfied if at the time of the naming of the beneficiary she came within that category, and that her ceasing later to be the wife of deceased does not destroy her right to recover on the policy. * * * Counsel for appellee, on the other hand, urges that in all the states from which the cases cited by counsel for appellant are taken, the statute provided only for a limitation of the relationship of the beneficiary at the time when the certificate was issued and did not limit payment, as in the case of the Indiana statute, to those who occupied such relation at the time of death. The case of Smith v. Travelers' Protective Association, 319 Mo. 1120, 6 S. W. (2d) 870, reviews the authorities and points out the difference between cases where the statute or by-law regulating the relationship of the beneficiary refers to the issuance of the certificate, and where it limits the payment of death benefits. Under the first situation, it is very generally held that if the beneficiary is properly qualified when the policy issues, he need not be so at the time of death. * * * Under the second provision, the relationship at death fixes the rights of the beneficiary, * * *" citing many decisions.

Fortunately this court has had occasion to interpret our statute governing fraternal or mutual beneficiary insurance, and we are not compelled to rely upon the interpretations of other similar state statutes.

In Hines v. Modern Woodmen of America et al., 41 Okla. 135, 137 P. 675, this court held:

"A beneficiary named in a fraternal benefit certificate only acquires a vested right in the benefits accruing thereunder on the member's death."

To the same effect is the holding of this court in Grand Lodge K. P. of Oklahoma v. Moore et al., 66 Okla. 142, 168 P. 659.

In Johnson v. Roberts et al., 124 Okla. 68, 254 P. 88, this court held:

"The proceeds derived from a beneficiary certificate in a fraternal association are governed by a different rule than the proceeds derived from an insurance policy in an old line company. A fraternal beneficiary association provides by its own laws and by the statute of our state that the money derived from the beneficiary certificate on the death of the member goes to his family and is not and cannot be subjected to the payment of the member's debts on his death, nor to the debts of any beneficiary named in said certificate."

The fact that the beneficiary in the certificate of insurance was not changed after the insured had been divorced from Rosa Minton is immaterial, since Rosa Minton does not come within the class provided by section 10564, supra, who may take the benefit on the death of a member of such company or order.

In Atkeson v. Sovereign Camp W. O. W. et al., 90 Okla. 154, 216 P. 467, the facts disclosed that the insured and his wife, the beneficiary named, had been divorced, and the insured had married again in less than six months thereafter. The insured had two children by his first wife. Soon after his sec-

ond marriage the insured caused his second wife to be named as the beneficiary in the certificate of membership in the society. The second marriage was held by this court to be void and the first wife disqualified to take because of the decree of divorce, which became effective at once, in so far as the rights under the insurance certificate were concerned, and the two children by the first wife were entitled to collect the insurance. The court further held:

"Under the statutes of this state and the constitution and by-laws of the Sovereign Camp Woodmen of the World, no person not in relation to the insured as provided therein or legally married to the member is qualified to participate in the benefits of a fraternal benefit certificate of the order."

It is further contended under the defendant's fourth specification of error, "that the presumption of law, even in a fraternal beneficiary certificate, is that the beneficiary comes within one of the classes prescribed by law, and it is necessary for contestant to allege and prove an exception to this presumption, which was not done in the instant case." There can be no such presumption of law when the statute specifically provides, as in the instant case, who may take upon the death of an insured holding a beneficiary insurance certificate.

It is further contended that the policies of insurance sued upon are governed by the laws of California. The laws of California and the by-laws of the fraternal insurance company may govern the qualifications that one must possess to be designated a beneficiary in the insurance certificate, but the statute of Oklahoma specifically names the classes who may take the proceeds of mutual beneficiary insurance, and the insured being a resident of Oklahoma when the policy was signed, delivered, and the premiums paid, the policy is an Oklahoma contract and governed by the laws of Oklahoma even though the insurer was a foreign insurance company doing business in this state and the policy was executed at the home office in California. Continental Casualty Co. v. Owen, 38 Okla. 107, 131 P. 1084: Pendleton v. Great Southern Life Ins. Co. et al., 135 Okla. 40, 273 P. 1007.

It is further contended that no one except the insurer can raise the question of eligibility of the beneficiary, and that it not having done so, the question cannot be raised by the plaintiffs herein. That contention is without merit. Such a contention could prevail only where the qualifications of a beneficiary are not governed by statutory provisions. We quote from 19 R. C. L., page 1289, section 4, as follows:

"The rule as to waiver of objections to the beneficiary does not apply where the qualifications of a beneficiary are prescribed by statute, for the reason that an association has no power to waive statutory requirements governing its own conduct; nor can it estop itself from questioning the eligibility of a beneficiary upon those grounds."

In Modern Woodmen of America v. Comeaux et al. (Kan.) 101 P. 1, that court held:

"Where the name of a person who does not belong to the class which, by the rules of the order and the statute regulating such associations, is entitled to become a beneficiary is inserted in a benefit certificate, such person has no right to receive any part of the benefit fund, and the acceptance of assessments paid, after his name has been so inserted, will not confer such right"

—and said:

"The plaintiff further claims that the clerk of the local camp, to whom assessments were paid, knew the relations between plaintiff and the deceased, and the receipt by him of the assessments after the change in the name of the beneficiary amounted to a waiver of the fact that plaintiff did not belong to the class of persons who could be made a beneficiary. There are many things that can be waived by an association of this character, but this is not one of them. The statute expressly and positively prohibits the payment of the benefit fund to any person who is not within the class designated as 'beneficiaries'. This law cannot be repealed by the conduct of the clerk of a local camp."

In Day v. Clark, supra, the Supreme Court of Arizona held:

"Question of disqualification of divorced wife to take death benefits under Burns' Ann. St. Supp. Ind. 1921, sec. 5061s, may be raised by any interested party, as against contention that only insurer could raise point."

We have given careful consideration to the many authorities called to our attention in the defendant's brief, but we do not think that the law therein cited is controlling in the instant case.

Both parties having submitted the issues to the court for determination on the questions of law presented by the pleadings, and the issues of facts raised by the pleadings being immaterial, we think that the judgment of the trial court is fully sustained by the pleadings and that it should be affirmed. Hooks et al. v. Berry-Hart Co., 135 Okla. 161, 274 P. 657; Whitaker v. Crowder State Bank, 26 Okla. 786, 110 P. 776.

The judgment of the trial court is affirmed.

CULLISON, V. C. J., and SWINDALL, OSBORN, and BUSBY, JJ., concur.