**FITZGEARLD v. FITZGEARLD et al.**

No. 24066. Jan. 21, 1936.

Rehearing Denied April 21, 1936.

J. M. Bishop, for plaintiff in error.

C. L. Clearman and Oscar Speed, for defendants in error.

PER CURIAM. This action was commenced by Maggie Fitzgearld, hereinafter referred to as plaintiff, against the Modern Woodmen of America, a fraternal beneficiary organization, the original defendant at the inception of the action. Plaintiff's action was instituted against the Modern Woodmen of America to collect the sum of $1,000 which amount is claimed under a benefit certificate issued by the insurance company on the 22nd day of May, 1906, on the life of Charley Fitzgearld.

At the time the benefit certificate was issued, Maggie Fitzgearld was the wife of the insured and was designated beneficiary therein.

On October 23, 1928, Charley Fitzgearld and Maggie Fitzgearld were divorced; a property settlement was made and Maggie Fitzgearld, the plaintiff herein, went to Caddo county to live.

On about March 18, 1930, plaintiff moved back to Elk City, on a farm, and began living again with the insured, and continued to live with him until his death, November 4, 1930.

The plaintiff filed three petitions, the original and two amended petitions. The first amended petition predicated plaintiff's cause of action on the benefit certificate issued in 1906, wherein Maggie Fitzgearld was named beneficiary and designated as "wife."

The Modern Woodmen of America filed its answer and plea in abatement on June 18, 1931, in which it admitted the insured. Charley Fitzgearld, was a member of the society, in good standing at the time of his death, November 4, 1930; that due and timely proof of death had been filed with the society and its board of directors had passed on said proofs, and admitted the society's liability in the sum of $1,000, but that it was unable to pay said sum of $1,-000 on account of adverse and conflicting claims, and interpleaded plaintiff and the next of kin of Charley Fitzgearld, who are brothers, sisters, nephews, and nieces, pleading its willingness and asked leave to pay the money into court.

Further answering set out what the contract of insurance consisted of and set out the governing sections of the society's by-laws, sections 50 and 51, and alleges that plaintiff filed her claim under the benefit certificate in which she was designated as "wife," but having been divorced was not longer eligible to the benefits.

On June 16, 1931, plaintiff filed a reply, alleging in part that she did not claim under the designation of "wife," but claimed as "dependent or a member of the family of deceased."

On August 26, 1931, Andy Fitzgearld and others filed an interplea, claiming the benefits by right of kinsmanship.

On October 24, 1931, plaintiff filed her second amended petition, basing cause of action upon an "Application for Exchange of Certificate," in which application Maggie Fitzgearld was named beneficiary, designated as "ex-wife and dependent."

On October 24, 1931, by virtue of a stipulation which was signed by all the parties, an interlocutory decree was rendered authorizing the Modern Woodmen of America to deposit the $1,000 in court, and that the action should proceed between the plaintiff and interveners, who hereinafter will be referred to as defendants.

Defendants answered plaintiff's second amended petition on October 29, 1931, denying specifically and generally allegations of the petition and setting out in detail their claim in the capacity of heirs at law, within the by-laws of the Modern Woodmen of America and statutes of the state of Oklahoma, setting out particularly the relationship of each defendant to Charley Fitzgearld in support of their respective claims.

October 31, 1931, this cause came on for trial, jury waived, trial to the court.

Plaintiff presented evidence in support of her action, at the close of which defendants interposed a demurrer and moved for judgment, which were sustained. November 3, 1931, motion for new trial was filed and same overruled June 4, 1932.

Petition in error was filed by the plaintiff, in the Supreme Court, September 15, 1932, setting up the following alleged errors of the trial court.

(1) Said court erred in overruling the motion of plaintiff in error for a new trial.

(2) Said court erred in sustaining defendants in error's demurrer to the evidence of said plaintiff in error.

(3) Said court erred ruling out competent and legal evidence on the part of the plaintiff in error.

(4) The judgment of the trial court is contrary to the evidence.

In argument, plaintiff says, "As we think this is an equitable proceeding, the only specification which we deem necessary to reach a conclusion is the fourth, which reads 'The judgment of the trial court is contrary to the evidence,'" and under this assignment of error we shall proceed to dispose of the issue.

1. This action was originally predicated upon a benefit certificate issued in 1906, in which plaintiff was named beneficiary and designated "wife." She was divorced from the insured in 1928 and the two were never remarried.

"Under the provisions of section 10564, O. S. 1931, a divorced wife who, at the time of the death of the insured under a fraternal insurance certificate, is not a member of the family, heir, blood relative, affianced husband or wife, or dependent upon the insured, cannot take the proceeds of such a certificate, though. named therein as beneficiary." Minton v. Minton, 170 Okla. 274, 39 P. (2d) 538.

This bars the plaintiff from taking under the benefit certificate under the designation as "wife."

2, 3, 4. The plaintiff next contends that she is eligible as a beneficiary under the designation of a "dependent" by virtue of an "Application for Exchange of Certificate," which is purported to have been made by Charles P. Fitzgearld in May, 1930, in which the plaintiff was named beneficiary and designated as "ex-wife and dependent."

No evidence was offered tending to prove another benefit certificate was ever issued, nor did the photostatic reproduction of the application for exchange of certificate show that a new certificate had been issued, but it did have indorsed upon it the words "Canceled 9-18-1930 Service Bureau, M. E. V."

This cancellation indorsement was dated one month and 17 days prior to the death of the insured.

"* * * The members of such fraternal beneficiary society have an absolute right at any time, while in good standing, to change the beneficiary named in the benefit certificate, provided they comply with the rules prescribed in the by-laws of the society, and the beneficiary selected belongs to the class which is eligible." Modern Woodmen of America v. Terry, 54 Okla. 308, 153 P. 1124.

"But in order to divest the rights of the original beneficiary the substitution of a new beneficiary must ordinarily be complete in the lifetime of the member, since on his death the beneficiary's rights become vested." 45 C. J. 205; Minton v. Minton, 170 Okla. 274, 39 P. (2d) 538.

"The burden of proof rests upon the party having the affirmative * * * and such party must prove every essential fact necessary to establish his cause of action." Davis v. Kelley, 96 Okla. 17, 219 P. 923.

The plaintiff did not offer evidence to establish proof that the insured had done everything necessary to be done under the by-laws of the insurance society for designating a beneficiary; the by-laws covering the procedure for change of beneficiary were not offered in evidence; correspondence between the insured and the insurance society or the local camp clerk and the home office of the insurance society was not offered; proof of the genuineness of the signature of the insured on the application for exchange of certificate was not convincing, and the fact that this application was marked, "Cancelled 9-18-1930 Service Bureau, M. E. V.," falls short of establishing proof that the insured had done all that he could have done in naming plaintiff beneficiary under the designation "ex-wife and dependent."

The plaintiff having failed to establish proof that the insured complied with the rules and by-laws of the insurance society governing the redesignation of a beneficiary during the lifetime of the insured, or that the insured has done all the by-laws of the society require of him to do, leaving only formal, ministerial acts on the part of the society remaining to be done to complete the change of beneficiary at the time of the death of the insured, she cannot recover as a redesignated beneficiary.

Janeway v. Norton, 61 Okla. 185, 160 P. 908.

We conclude that the plaintiff is not eligible to take under the benefit certificate as a designated beneficiary.

5. Where the beneficiary named in the benefit certificate is ineligible to receive the benefits, the benefit certificate upon which this action is predicated provides that:

"All the conditions contained in this certificate and the by-laws of this society, as the same now exists, or may be hereafter modified, amended, or enacted, shall be fully complied with; and provided, further, that in the event of the death of any beneficiary prior to the death of said neighbor, and upon his failure to designate another beneficiary, then the amount to be paid under the certificate shall be due and payable to the other surviving beneficiaries, if any there be, or if none survive him, then to the wife of such member, if she survives him, or, in case he has no surviving wife, to his legal heirs."

There being no surviving designated beneficiaries, and no surviving wife, the legal heirs, according to the terms of the benefit certificate, are automatically designated beneficiaries.

By stipulation of the parties, at the inception of the trial, it was agreed that sections 50 and 51 of the society's by-laws, as set out in the society's answer and plea in abatement, were true and correct. We have studied these sections and find that section 51 provides so far as applicable here:

"If no beneficiary survives the member, then to the widow or widower; if no widow or widower, to the member's children, including legally adopted children, and in case there are deceased child or children, the child or children of such shall take the share of such deceased parent; if no child, or children of a deceased child or children, to the mother; if no mother, to the father; if no father, to the brothers and sisters, share and share alike, and in case there are deceased brothers or sisters, then to the surviving child or children of such brother or sister, who shall take the share of such brother or sister."

This section of the by-laws provides specifically who shall be beneficiaries, in the absence of a designation in the certificate. The plaintiff not having been expressly designated a beneficiary, and not coming within the eligible class of section 51 of the society's by-laws, fails to establish her claim.

6. Plaintiff's brief sets out that the "trial court made no findings of fact nor any conclusions of law."

The record does not disclose that findings of fact or conclusions of law were requested by either party. Where a request is not made for findings of fact or conclusions of law, in a civil action, triable to the court, where the finding of the court is general, such finding is a finding of each specific thing necessary to sustain the general finding, and where such finding is not clearly against the weight of the evidence the judgment will be affirmed. Watashe v. Tiger, 88 Okla. 77, 211 P. 415; Chestnut v. Worley, 164 Okla. 153, 23 P. (2d) 196.

We conclude that the plaintiff is not eligible as a beneficiary of the insured, and the trial court made no error in sustaining defendant's demurrer. Judgment is affirmed.

The Supreme Court acknowledges the aid of Attorneys William T. Rye, Carey Caldwell, and Frank Ertell in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Rye and approved by Mr. Caldwell and Mr. Ertell, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and BAYLESS. WELCH, CORN, and GIBSON, JJ., concur.