The Attorney General is in receipt of your request for an opinion wherein you ask the following questions: "1. Are service contracts as described in 36 O.S. 2605 [36-2605] and medical or indemnity plans as defined by 36 O.S. 2601 [36-2601] covered by and subject to the provisions of 36 O.S. 6055? "2. Under 36 O.S. 6055 [36-6055], can an issuer of policies of medical and hospital insurance exclude from coverage thereunder practitioners of the healing arts licensed under the Oklahoma Statutes by excluding from the coverage of such policy services or procedures performed exclusively by one branch of the healing arts? "3. If a master policy of insurance providing accident or health benefits is entered into between an insurance carrier subject to the provisions of 36 O.S. 6055 [36-6055] and an Oklahoma employer which resides in another state, and employees of the employer are issued certificates of coverage from that master policy, which certificates are issued for delivery in Oklahoma by the insurer covering the employees, as Oklahoma risks, must that policy comply with and be controlled by 36 O.S. 6055 [36-6055]?" Title 36 O.S. 2601 [36-2601] (1971), provides: "Charitable and benevolent corporations may hereafter be organized not for profits under the laws of the State of Oklahoma, for the purpose of establishing, maintaining and operating a nonprofit hospital service or indemnity plan, and/or a nonprofit medical or indemnity plan, by complying with the provisions of this article and shall be exempt from all other provisions of the insurance laws and the General Corporation Laws of this state, unless otherwise specifically provided herein." Title 36 O.S. 2605 [36-2605] (1971), provides: "Any such corporation may enter into contracts for the rendering or providing of hospital and/or medical service or indemnity to any of its members with any individuals licensed in any branch of the healing arts and/or licensed hospitals maintained or operated by individuals, partnerships, associations or corporations and hospitals maintained or operated by the state or its subdivisions. Any such corporation may contract with any domestic or foreign corporation or associations for the purpose of providing or rendering hospital or medical service or indemnity; provided, however, that no company licensed under the laws of this state shall enter into an exclusive contract with any individual, partnership or corporation licensed in the healing arts or with any hospital." Title 36 O.S. 6055 [36-6055] (1971), provides: "Services or procedures covered by the terms of any individual, group, blanket, or franchise policy, nonprofit contract or agreement, whatsoever, providing accident or health benefits hereafter renewed or issued for delivery in Oklahoma by any issuer, whether a stock or mutual insurance company, a medical service corporation or association or nonprofit group, or any other type of issuer whatever, and covering an Oklahoma risk, may be performed by any practitioner licensed under the healing arts selected by the insured, or by his parent or guardian, if he be a minor, who is duly licensed under the laws of this state to perform such services or procedures, and said practitioner shall be equally compensated for such services on the basis of charges prevailing in the same community for similar services or procedures to like ill or injured persons regardless of the branch of the healing arts to which he may belong, provided such profession does not permit false or fraudulent advertising." Although the policies authorized by 36 O.S. 2601 [36-2601] are exempt from other insurance laws unless "specifically provided for," it is evident from the use of the language, "any . . . policy . . . issued . . . by any issuer, whether a(n) . . . association or nonprofit group, or any other type of issuer whatsoever," that 36 O.S. 6055 [36-6055] contemplates that the organizations and plans authorized by 36 O.S. 2601 [36-2601] (1971), shall be subject to the provisions of 36 O.S. 6055 [36-6055]. Nor is there any language to suggest that the insured's freedom of choice is limited by the existence of any service contracts authorized by 36 O.S. 2605 [36-2605] (1971). This conclusion is supported by the prohibition of exclusive contracts and by the lack of language indicating that such contracts in any way abrogate the statutory rights of the insured. We must conclude, therefore, that 36 O.S. 2601 [36-2601] medical or indemnity plans and 36 O.S. 2605 [36-2605] service contracts are covered by and subject to the provisions of 36 O.S. 6055 [36-6055]. 36 O.S. 6055 [36-6055] does not compel an issuer to provide coverage for any specific "services or procedures." It merely provides that those "services or procedures covered" are not to be further limited by reference to or exclusion of any branch or branches of the healing arts. The insured has the option under 36 O.S. 6055 [36-6055] of selecting the licensed healing arts practitioner who will render the "services or procedures covered" and the statute simply prohibits the issuer of the policy from limiting or negating the insured's medical service options. We view the language of 36 O.S. 6055 [36-6055] to mean that a disease or condition treatable by covered "services and procedures" may not be so defined in the policy as to preclude the compensation of healing arts practitioners who provide other services and procedures designed to effect the same result, i.e., effective treatment of the disease or condition. Any contrary conclusion would necessarily defeat the very purpose of 36 O.S. 6055 [36-6055] to permit the insured the option of selecting treatment the insured feels will best resolve his or her medical condition. Since the insured lives in Oklahoma, the policy covers Oklahoma risks, contemplates performance in Oklahoma, and final assent to the policy was given in Oklahoma, the laws of Oklahoma would apply to the policy. In Minton v. Minton, 170 Okl. 274, 39 P.2d 538 (1935), the court held that the insurance laws of Oklahoma govern insurance policies when the insured is a resident of Oklahoma and the policy was delivered and premiums paid in Oklahoma. Oklahoma conflict rules require that contracts be governed by the laws of the place where they are executed, and where performance is contemplated, Telex Corporation v. Hamilton, Okl., 576 P.2d 767 (1978); Paclawski v. Bristol Laboratories, Okl., 425 P.2d 452 (1967). Contracts are deemed to have been made at the place where final assent is given. Sims v. United Bridge and Iron, Okl., 402 P.2d 911
(1965); Groendyke Transport, Inc. v. Gardner, Okl.,353 P.2d 695 (1960). Obviously, the insurance policies referred to in your question do not become effective until the certificates are delivered to the insured. When delivery of the certificates occurs in Oklahoma, Oklahoma becomes the place where final assent is given. In addition, the fact that the insured resides in Oklahoma and the policy covers Oklahoma risks further supports the conclusion that Oklahoma law governs. Other jurisdictions have agreed that policies are governed by the laws of the state where the certificates are delivered to the individual insured. Thieme v. Union Labor Life Insurance Co., 12 Ill. App.2d 110, 138 N.E.2d 857 (1956); Metropolitan Life Insurance Co. v. Harper, 189 Ark. 170,70 S.W.2d 1042 (1934); Metropolitan Life Insurance Co. v. Worton, 70 S.W.2d 216 (Tex.Civ.App. 1934); Nelson v. Aetna Life Insurance Co., 359 F. Supp. 271 (W.D. Mo. 1973). It is, therefore, the official opinion of the Attorney General that: 1. Service contracts as described in 36 O.S. 2605 [36-2605] (1971), and medical or indemnity plans as defined by 36 O.S. 2601 [36-2601] (1971), are covered by and subject to the provisions of 36 O.S. 6055 [36-6055] (1971). 2. An issuer of policies of medical and hospital insurance may exclude from coverage services and procedures so long as the policies do not discriminate, under the guise of coverage, between medical services provided by the various branches of the healing arts licensed under state law. 3. Title 36 O.S. 6055 [36-6055] (1971), is applicable to master policies purchased outside the State of Oklahoma when the certificates of insurance are issued for delivery in the State of Oklahoma, the insured resides in Oklahoma and the policy covers Oklahoma risks. (JOHN F. PERCIVAL) (ksg)